542 So.2d 670 (1989)
STATE of Louisiana
v.
Daniel LOCKETT.
No. 88-KA-885.
Court of Appeal of Louisiana, Fifth Circuit.
April 12, 1989.
Martha E. Sassone, Staff Appellate Counsel, Gretna, for appellant.
*671 John M. Mamoulides, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., Gretna, for appellee.
Before CHEHARDY, C.J., and GRISBAUM, and WICKER, JJ.
CHEHARDY, Chief Judge.
On May 1, 1986, Daniel Lockett was charged by grand jury indictment with second degree murder, LSA-R.S. 14:30.1. At arraignment he pleaded not guilty, but subsequently withdrew that plea and tendered a plea of guilty to manslaughter, LSA-R.S. 14:31. On August 10, 1987, the court sentenced the defendant to 15 years' imprisonment at hard labor, with credit for time served.
On August 11, 1987, the defendant filed a motion for appeal, which was not granted until October 31, 1988. In the interim, the defendant filed an application for post-conviction relief that was denied by the trial court, whereupon the defendant sought writs from this court to review that denial. Because the defendant had filed a timely petition for appeal, this court dismissed his writ application as premature and ordered the district court to rule on the motion for appeal. As mentioned above, that motion was granted on October 31, 1988, and this appeal was lodged subsequently.
Because the defendant pleaded guilty, there was no testimony taken in this matter. Accordingly, the following facts are derived from statements made in arguments before the bench during the plea colloquy and from the presentence investigation report:
Willie Campbell and Daniel Lockett committed a burglary together a few days before the murder. Campbell became concerned that they were about to be exposed as perpetrators of the burglary. He went to Lockett and suggested they either return the stolen property or turn themselves in. Lockett killed Campbell to prevent him from doing so. Campbell's body was found in a wooded area in Westwego, Louisiana, on January 26, 1986. His head was wrapped in a plastic bag secured by a piece of rope wrapped around it several times. His throat had been cut and he had cuts and bruises about his head and body.
On appeal, the defendant makes three assignments of error.

ASSIGNMENT OF ERROR NO. 1
The defendant asserts his guilty plea was not made knowingly and intelligently because he was denied the effective assistance of counsel.
He avers his trial counsel was unprepared for trial and coerced him into pleading guilty. He claims his trial counsel failed to interview key witnesses and failed to fully explain the consequences of the court's denial of pretrial motions.
The appropriate avenue for asserting a claim of ineffective assistance of counsel is by application for post-conviction relief, not by direct appeal. State v. Truitt, 500 So.2d 355 (La.1987). In this case, the defendant filed a premature application for post-conviction relief in which he asserted this claim. The trial court denied his claim, stating, "Defendant has failed to demonstrate what evidence his counsel would have discovered and whether the evidence, if discovered, would have changed the outcome of a trial."
In the instant case, although the trial court's ruling on the application for post-conviction relief was premature because an appeal was still pending, we consider it pointless to require the defendant to file another application for post-conviction relief because it is likely an identical ruling would be rendered by the district court. In the interest of judicial economy, therefore, under the circumstances here we find it proper to review this claim on the appeal.
Claims of ineffective assistance of counsel are subject to a two-fold test, set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): First, the defendant must show that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Secondly, the defendant must show that the errors were so serious as to deprive *672 the defendant of a fair trial, a trial with a reliable result.
Daniel Lockett asserts his counsel was ineffective in his trial preparation because he failed to interview the defendant's alibi witnesses and, due to this lack of preparation, counsel coerced the defendant into pleading guilty to avoid going to trial. However, the defendant does not state how such interviews would have affected the fairness of the proceedings against him. Further, the record belies his claim of coercion because he answered negatively when questioned on that point by the trial judge during the plea colloquy. It is apparent from the record that the defendant's plea was entered voluntarily, as will be discussed under Assignment of Error No. 3.
Further, even if trial counsel did advise the defendant to plead guilty to the lesser charge of manslaughter and to accept the State's offer of 15 years, there is no indication of ineffective assistance of counsel. By pleading to the lesser charge the defendant considerably reduced his sentencing exposure.
Accordingly, we find no merit to this assignment.

ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, the defendant asserts the trial court erred in sentencing him to 15 years' imprisonment at hard labor, which he claims is excessive.
The defendant was indicted for second degree murder, R.S. 14:30.1, but pleaded guilty to the lesser offense of manslaughter, R.S. 14:31. If he had been found guilty of second degree murder his sentence would have been life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The maximum he could have received under the manslaughter statute was 21 years' imprisonment at hard labor. Thus, not only his sentencing exposure but also his ultimate sentence was significantly lessened by his guilty plea.
Cruel, excessive, or unusual punishment is prohibited by Article I, Section 20, of the Louisiana Constitution of 1974. Sentences that are grossly out of proportion to the severity of the crime or that impose purposeless and needless pain and suffering are excessive. State v. Brogdon, 457 So.2d 616 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
Sentences must be individualized to be compatible with the offenders as well as with the offenses. State v. Robicheaux, 412 So.2d 1313 (La.1982). In sentencing a particular defendant, the trial court must consider the guidelines set forth in LSA-C. Cr.P. art. 894.1; the judge need not recite the entire checklist of that article, but the record must reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984).
The trial judge considered and made part of the record the presentence investigation report on the defendant. That report revealed that the defendant had a prior felony conviction and was near the end of an unsuccessful parole period when this crime occurred. The report also revealed that the victim was apparently beaten, his throat was slashed, and his head was covered with a plastic bag tied with rope.
At the sentencing hearing, the trial judge referred to the violent way in which the victim was killed, as well as the defendant's prior record. It is clear that the trial court read and considered the presentence investigation report, which contained background information on both the victim and the defendant.
These factors indicate sufficient compliance with the requirements of LSA-C.Cr.P. art. 894.1. Further, the sentence imposed is not severe in relation to the particular offender or to the actual offense, and the record clearly reflects an adequate factual basis for the sentence. Therefore, we find this assignment is without merit.

ASSIGNMENT OF ERROR NO. 3
The defendant's final assignment of error is "any and all errors patent on the face of the record." He calls our attention to a discrepancy between the minute entry *673 of the sentencing and the sentencing transcript. The minute entry incorrectly names defendant's counsel, listing Richard M. Tompson as defendant's counsel. The transcript reveals that Joseph J. Tosh represented the defendant at the sentencing.
Where there are discrepancies between the minute entry and the transcript, the transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983). This discrepancy appears to be a clerical error that causes no prejudice to the defendant and is, therefore, not reversible error. State v. Falls, 508 So.2d 1021 (La.App. 5 Cir.1987).
Our scrutiny of the other portions of the record that we are required to consider on a patent error review show no other patent errors. See State v. Oliveaux, 312 So.2d 337 (La.1975).
In addition, our review of the Boykin colloquy, conducted pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), establishes the "Boykinization" was adequate: The judge advised the defendant of the maximum sentence he could receive, of his waiver of trial by jury, of his waiver of his right to appeal, and of his waiver of his right to confront and to cross-examine his witnesses.
The court further advised the defendant he was waiving his right to assert pretrial defects and his right against self-incrimination. Further, the defendant responded affirmatively to questions that his plea was voluntary and that he had not been forced, coerced, intimidated, or offered a reward for his plea.
Accordingly, there are no reversible errors patent and this assignment is without merit.
For the foregoing reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.