593 So.2d 971 (1992)
STATE of Louisiana
v.
Ronnie J. HANKS.
No. 91-KA-660.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 1992.
*972 Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for appellee/State.
Bruce G. Whittaker, Indigent Defender Bd., 24th Judicial Dist. Court, Gretna, for appellant/defendant.
Before KLIEBERT, DUFRESNE and CANNELLA, JJ.
DUFRESNE, Judge.
The grand jury returned an indictment charging the defendant, Ronnie J. Hanks, with two counts of aggravated rape (LSA-R.S. 14:42) and two counts of aggravated oral sexual battery (LSA-R.S. 14:34.4). At arraignment, the defendant entered not guilty pleas to all of the counts. Thereafter, the state dismissed one of the sexual battery counts and amended the remaining three counts, primarily with regard to the commission dates of the alleged offenses. On the day of trial, the state sought and obtained the court's authorization to proceed to trial on one of the counts of aggravated rape and to sever the remaining two counts of the indictment. At the conclusion of trial, the jury returned a verdict finding the defendant guilty of the lesser included offense of sexual battery. (LSA-R.S. 14:43.1). After appropriate delays, the trial judge sentenced the defendant to ten years at hard labor, with credit for time already served. The defendant filed a timely motion for appeal which the trial court granted.

FACTS
The defendant was convicted for sexual battery of an 11-year old girl during the summer of 1989. The victim's mother had moved into the defendant's residence after separating from her husband. At the end of the 1989 school year, the victim and her younger sister and brother left their father's home and went to spend the summer with their mother at the defendant's residence. While the victim's mother worked evenings at her restaurant job, the defendant would watch the three children. The sexual battery of the victim occurred on several occasions while the victim's mother was at work. The defendant would accost the victim when she went into the defendant's bedroom to dress after bathing. The victim's clothes were kept in the bedroom. According to the victim's trial testimony, the defendant would wait until she entered the bedroom to dress and then he would attack her. He fondled the victim's genitals and attempted to rape her vaginally and anally; however, penetration was physically impossible. The defendant threatened to kill the victim if she resisted or reported the attacks. The victim was convinced that the defendant would harm her because he maintained a loaded pistol under his bed. After returning to live with her father, the victim remained fearful of the defendant for some time. About four months after leaving the defendant's residence, the victim told her father about the incidents. A physician, who also testified at trial, examined the victim and reported findings consistent with sexual attacks on the victim. The defendant took the witness stand at trial and denied all allegations against him.

ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in admitting other crimes evidence relating to alleged sex *973 crimes committed upon the person of the sister of the victim.

DISCUSSION
The defendant contends that the trial judge committed reversible error by allowing the state to introduce evidence that the defendant sexually molested the victim's younger sister. At trial, the victim's 9-year old sister testified that the defendant fondled her genitals on various occasions when she went to the defendant's bedroom to dress after bathing. On the day before trial commenced, the state served written notice on the defendant that it intended to use evidence of the molestation for purposes elaborated in Article 404B of the Louisiana Code of Evidence. The defense objected to the introduction of the evidence and requested an evidentiary hearing under State v. Prieur, 277 So.2d 126 (La.1973). The state responded that the evidence sought to be offered related to offenses alleged against the defendant in the indictment but severed for trial. According to the state, the defendant was fully aware of the evidence and its substance because the defense was afforded open file discovery in the case. After hearing argument, the trial judge found no need for a Prieur hearing and ruled that the evidence was admissible. The defendant now argues that the admission of the molestation evidence violated the guidelines established by State v. Prieur, supra.
Under Article 404B of the Louisiana Code of Evidence, evidence of other crimes committed by a defendant, but unrelated to the charged offense, is not admissible to prove the defendant's bad character for the purpose of showing that the defendant acted in conformity with such bad character. However, other crimes evidence is admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." L.C.E. art. 404B. In State v. Prieur, supra, the Louisiana Supreme Court established a five-part procedure for the admission and use at trial of other crimes evidence:
(1) The State shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information. No such notice is required as to evidence of offenses which are a part of the res gestae, or convictions used to impeach defendant's testimony.
(2) In the written statement the State shall specify the exception to the general exclusionary rule upon which it relies for the admissibility of the evidence of other acts or offenses.
(3) Prerequisite to the admissibility of the evidence is a showing by the State that the evidence of other crimes is not merely repetitive and cumulative, is not a subterfuge for depicting the defendant's bad character or his propensity for bad behavior, and that it serves the actual purpose for which it is offered.
(4) When the evidence is admitted before the jury, the court, if requested by defense counsel, shall charge the jury as to the limited purpose for which the evidence is received and is to be considered.
(5) Moreover, the final charge to the jury shall contain a charge of the limited purpose for which the evidence was received, and the court shall at this time advise the jury that the defendant cannot be convicted for any charge other than the one named in the indictment or one responsive thereto.
277 So.2d at 130.
The defendant first attacks the notice of intent filed by the state and alleges that the notice was neither filed timely nor did it contain an adequate description of the evidence sought to be offered. The defendant also complains that the notice of intent fails to specify the exceptions urged by the state to the general exclusionary rule pertaining to other crimes evidence. These challenges levied against the notice of intent are unimpressive. The description of the other crimes evidence contained in the notice parallels the descriptive language *974 in the two severed counts of the amended indictment which existed for two months prior to trial. Further, the state allowed the defendant open file discovery in this case, thereby providing the defense with full access to the evidence sought to be offered at trial. The defendant's claims of untimely notice and unfamiliarity with the proposed evidence are without merit. State v. Germain, 433 So.2d 110, 117 (La. 1983). The defendant's remaining contention that the notice of intent lacks adequate description of the exception asserted by the state is likewise meritless. The language of the notice regarding the exceptions is extracted verbatim from the listing of exceptions in L.C.E. art. 404B.
The defendant also argues that the state's purpose for introducing the molestation evidence was to portray the defendant as a bad character in the eyes of the jury. However, an analysis of the evidence confirms that it was properly offered to show motive, system, opportunity and plan, all of which are valid purposes for the use of other crimes evidence under L.C.E. art. 404B. The victim's 9-year old sister testified at trial that the defendant molested her during the same time period that the defendant was accused of sexually assaulting the victim. According to the young girl, the molestation incidents occurred while her mother was working nights and the defendant was watching the two sisters and their brother. The defendant would fondle the child's genitals when she went to the defendant's bedroom to dress after bathing. The girl's clothing, like the victim's, was kept in the bedroom. Thus, sexual attacks on the victim and her younger sister took place during the same period of time and the factual circumstances of the attacks were virtually identical. Considering the timing and the close similarities between the sexual assaults on the two girls, the molestation evidence was properly offered by the state to show the defendant's systematic plan, opportunity and motive for commission of this offense. State v. Howard, 520 So.2d 1150 (La.App. 3 Cir. 1987), writ denied, 526 So.2d 790 (La.1988). Moreover, the trial judge correctly determined that the probative value of the molestation evidence outweighed its prejudicial effect. State v. Hatcher, 372 So.2d 1024 (La.1979); State v. Prieur, supra.
At the close of trial, the judge gave the following limiting instruction to the jury:
Evidence that the Defendant was involved in the commission of an offense other than the offense for which he is on trial is to be considered for a limited purpose.
The sole purpose for which such evidence may be considered is whether it tends to show the Defendant's knowledge, plan, attempt, system, motive, or opportunity.
Remember that the accused is on trial only for the offense charged. You may not find him guilty of this offense merely because he may have committed another offense.
The defendant challenges this instruction, alleging that such a "generic" limiting charge was insufficient to protect the right of the defendant against the prejudicial effect of the other crimes evidence. Beyond his bare challenge, the defendant offers no legal authority for his position. Review of the limiting instruction in this case reveals that it fully complies with the guidance of the Louisiana Supreme Court in State v. Prieur, supra at 130.
This assignment of error lacks merit.
We have reviewed the entire record for errors patent and find none.
For the foregoing reasons the conviction and sentence are affirmed.
AFFIRMED.