CANNELLA, Judge.
Appellant, Kevin Klingman, appeals from a guilty plea he entered on one count of armed robbery. For the reasons which follow, we affirm in part, amend in part and render as amended.
Appellant was charged by bill of information with two counts of armed robbery in violation of La.R.S. 14:64. On March 27, *511 1990, he pled guilty to one count of armed robbery and the other count was dismissed. The trial court sentenced appellant to seven years at hard labor, without benefit of parole, probation or suspension of sentence.[1]
On September 5,1990 the trial court signed an order granting appellant an out of time appeal. Appellant argues that his guilty plea is invalid because he was not adequately advised of the elements of the crime to which he pled.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that a guilty plea may not be accepted unless there is an affirmative showing that it is intelligently and voluntarily made, evidenced by review of the record, which shows defendant’s effective waiver of his rights against self-incrimination, to a trial by jury and to confront his accusers. Then, in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) the United States Supreme Court further defined the test for determining the validity of guilty pleas, stating:
... the standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant
These principles were applied to Louisiana cases in State ex rel. Jackson v. Henderson, 255 So.2d 85 (La.1971).
In the present case, the appellant does not allege that his plea was constitutionally infirm due to the trial court’s failure to advise him of his rights. Indeed, these rights were fully explained. Rather, he argues that his plea was not entered knowingly and intelligently because the trial court failed to adequately advise him of the elements of the crime to which he pled. More particularly, he contends that he did not understand that he was pleading guilty to armed robbery, in violation of La.R.S. 14:64[2], but thought he was pleading guilty to first degree robbery, in violation of La. R.S. 14:64.1.[3] The record fails to support the appellant’s allegations in this regard.
The waiver form signed by the appellant provides:
You are pleading guilty under La.R.S. 14:64 to the crime of armed robbery which is defined as taking by means of force or intimidation, while armed with a dangerous weapon.
In addition, the trial judge explained to the appellant:
This bill of information charges that you and Joseph Lewis, on December 23rd 1989, while armed with a dangerous weapon did rob, in the first count, Elizabeth Washington.
On that same day, it says in the second count, that you, Kevin Klingman, robbed while armed with a dangerous weapon, Nicholas Tortio.
At this point the appellant stated that he wished to plead guilty to count two but stated that “there was no weapon”[4] The trial judge then explained to the appellant the lesser responsive verdicts that a jury could return after trial. He went on to say:
*512 Armed robbery is the taking of anything of value belonging to another from the person of another or that’s in the immediate control of another by use of force or intimidation while armed with a dangerous weapon.
First degree robbery is the taking of anything of value belonging to another from the person of another or that’s in the immediate control of another by use of force or intimidation when the offender leads the victim to reasonably believe that he’s armed with a dangerous weapon.
The trial judge then asked:
Do you understand the various statutes involved here?
The appellant answered affirmatively. Then the trial judge asked:
And you are pleading guilty to this second count of armed robbery; correct? And the appellant answered “yes”.
Furthermore, the District Attorney advised the court that if the case went to trial,
The District Attorney would prove that eyewitnesses will indicate that this gentleman entered the store and presented a handgun to the clerk and demanded all the money; that he was given some money and he left the store.
The District Attorney further stated that the victim “will describe, as a matter of fact, in detail that weapon.”
The appellant herein was charged with two counts of armed robbery, carrying a maximum sentence of 198 years at hard labor. After plea negotiations, the appellant agreed to plead guilty to only one count of armed robbery, and in exchange, the other count was dismissed and he was to be sentenced to seven years imprisonment at hard labor without benefit of probation, parole or suspension of sentence.
It is clear that the appellant herein was adequately advised of the elements of the offense to which he was pleading guilty and that his plea “represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.” See also. State v. Martin, 382 So.2d 933 (La.1980).
This assignment of error has no merit.
Appellant also requests this court to make a review of any and all errors patent on the face of the record. La.C.Cr.P. art. 920 provides: “the following matters ... shall be considered on appeal: (1) ... (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). We have examined the pleadings and proceedings for errors patent and have found none except the following.
While the minute entry and commitment indicate that appellant was given credit for time served, the transcript does not so reflect. Generally where there are discrepancies between the transcript and minute entry, the transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983); State v. Lockett, 542 So.2d 670 (La.App. 5th Cir.1989). According to La.C.Cr.P. art. 880, the court, when it imposes sentence shall give credit for time served. Since Article 880 is mandatory in its language, appellant must be given credit for time served, despite the fact that it is not specifically stated in the transcript.
Therefore, this court orders that, in the sentence of appellant, he is given credit for time served.
Accordingly, the appellant’s conviction and sentence are affirmed in part, amended in part and rendered as amended.
*513 AFFIRMED IN PART, AMENDED IN PART AND RENDERED AS AMENDED.

. The minute entry and commitment papers indicate that the appellant was given credit for time served although the transcript does not reflect it.

. La.R.S. 14:64 provides:
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.

.Defendant admitted that he led the victim to believe he had a gun.