662 So.2d 22 (1995)
STATE of Louisiana
v.
David BOUDREAUX.
No. 95-KA-153.
Court of Appeal of Louisiana, Fifth Circuit.
September 20, 1995.
*23 Bruce G. Whittaker, Staff Appellate Counsel 24th Judicial District, Indigent Defender Board, Gretna, for Defendant/Appellant David P. Boudreaux.
John M. Mamoulides, District Attorney, Leigh Anne Wall, Assistant District Attorney, Research & Appeals 24th Judicial District, Parish of Jefferson, Gretna, for Appellee State of Louisiana.
Before GOTHARD, CANNELLA, JJ., and CHEHARDY, J. Pro Tem.
CANNELLA, Judge.
Defendant, David Boudreaux, appeals his conviction of aggravated rape and sentence to life imprisonment without benefit of probation, parole or suspension of sentence. We affirm the conviction, amend the sentence and affirm the sentence as amended.
In 1993, David Boudreaux was charged by grand jury indictment with three 1992 sexual crimes against his eight year old daughter. Count one was aggravated rape, a violation of La.R.S. 14:42, Count two was molestation of a juvenile, a violation of La.R.S. 14:81.2, and Count three was aggravated oral sexual battery, a violation of La.R.S. 14:43.4. Defendant pled not guilty. On June 10, 1993, a sanity hearing was held and the trial court found that defendant was incompetent to assist his counsel. Defendant was committed to the Feliciana Forensic Facility for evaluation and testing. On March 24, 1994, defendant was found legally sane and competent to assist his counsel at trial. Several pre-trial motions were filed, including a "Motion to Recuse Judge [sic]". This motion was denied by the trial court and reallotted to another court for a hearing. The motion was taken up and denied.
Additionally, the state filed a notice of its intent to introduce evidence of "Bad Acts To Show Knowledge, System [sic] Intent under LA Evidence Code Article 404B." A Prieur[1] hearing was held to determine whether the evidence of other crimes, the testimony of defendant's other minor daughter, could be used against him. Following the hearing, the trial court ruled that the testimony was admissible. On the same day the state amended the indictment and dismissed Counts 2 and 3.
Defendant filed several pro se motions, including a motion requesting that he be named co-counsel. This motion was denied on April 28, 1994. Although there is no minute entry reflecting a change in this ruling, the transcript indicates that the defendant served as co-counsel at trial. At the end of trial, the jury returned the verdict of guilty as charged of aggravated rape. After appropriate delays, defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence with credit for time served.[2]
In 1987, defendant was convicted of aggravated battery. That offense involved the sexual and physical torture and rape of defendant's mentally ill wife, who was temporarily home from a hospital. Defendant was sentenced to serve ten years at hard labor.[3] *24 In May of 1992, defendant was released from prison based upon diminution of sentence (good time release) and went to live with his mother in Gretna, Louisiana. At the time, the children's grandmother, defendant's mother, had custody of his three children, fourteen and eight year old daughters, and a six year old son. According to the testimony, within a few weeks of moving into the home, defendant molested his two daughters. The alleged incidents occurred during the night while the grandmother was either asleep or away at her job. The acts became known when the child told her grandmother of the abuse and subsequently told her aunt, defendant's sister. The aunt took the child to a doctor for an examination ten days later and law enforcement authorities were notified. The physical examination of the child was inconclusive, but revealed that her hymen was stretched. The examining doctor testified that this finding was consistent with an act of penal penetration of the child's vagina. Although the doctor stated that the child did not tell her that she fell from her bicycle a few days before the examination, she stated such a fall would not have caused the trauma which she found on examining the child.
There was testimony by the child as to the events by video interview. The examining doctor, the investigating officers and the aunt and grandmother state that the child informed them of the acts of fondling and penetration by defendant. The victim's older sister testified that she was also molested in the same way during the same period of time by defendant. Defendant produced evidence that the child told "stories", had engaged in masturbation and that her sister was having emotional problems.
On appeal, defendant asserts that the trial judge erred in admitting into evidence proof of prior alleged sexual misconduct against another child. He also contends that his motion for recusal should have been granted. Defendant also asks for patent error review.
In his first assignment of error, defendant contends that the trial judge erred in allowing the victim's older sister to testify about defendant's sexual misconduct against her, under La.C.E. art. 404(B) and State v. Prieur, 277 So.2d 126 (La.1973). Specifically, defendant contends (1) that the testimony was not used to prove defendant's motive, intent, lustful disposition, plan or system, (2) that there was no basis for the introduction of this testimony, and (3) that it was only used to prove that defendant had a bad character.
The state argues that the evidence was used to show defendant's system and plan and was not used to show defendant's bad character. It further contends that the evidence of prior sexual misconduct with another child was relevant to show defendant's lustful disposition "which in turn is relevant to show his motive and intent." In particular, the state points out that the testimony showed that the child fell from her bike a few days prior to the examination which raised the question of whether the child's injuries were caused by the fall or from being molested. The state asserts that the evidence of the molesting of the older child would rebut any defense of accident or mistake or lack of intent.
The evidence of other crimes committed by a defendant, unrelated to the charged offense, is not admissible to prove defendant's bad character for the purpose of showing that defendant acted in conformity with such bad character. However, other crimes evidence is admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." La.C.E. art. 404B; State v. Hanks, 593 So.2d 971, 973 (La.App. 5th Cir.1992). In child abuse cases, the evidence of sex crimes with a child other than the victim can be used to show motive, system, opportunity and plan, using the guidelines set forth in State v. Prieur, 277 So.2d 126 (La.1973). State v. Hanks, 593 So.2d at 974; State v. DeRoche, 629 So.2d 1267, 1270-1273 (La.App. 5th Cir.1993).
In Prieur, the Louisiana Supreme Court stated:
[8] When the State intends to offer evidence of other criminal offenses under *25 the exceptions outlined in R.S. 15:445 and 446:
(1) The State shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information. No such notice is required as to evidence of offenses which are a part of the res gestae, or convictions used to impeach defendant's testimony.
(2) In the written statement the State shall specify the exception to the general exclusionary rule upon which it relies for the admissibility of the evidence of other acts or offenses.
(3) Prerequisite to the admissibility of the evidence is a showing by the State that the evidence of other crimes is not merely repetitive and cumulative, is not a subterfuge for depicting the defendant's bad character or his propensity for bad behavior, and that it serves the actual purpose for which it is offered.
(4) When the evidence is admitted before the jury, the court, if requested by defense counsel, shall charge the jury as to the limited purpose for which the evidence is received and is to be considered.
(5) Moreover, the final charge to the jury shall contain a charge of the limited purpose for which the evidence was received, and the court shall at this time advise the jury that the defendant cannot be convicted for any charge other than the one named in the indictment or one responsive thereto.
State v. Prieur, 277 So.2d at 130.
In Hanks, this court found that the trial court properly admitted the other crimes evidence in Hank's trial for sexual battery. In making that determination, this Court stated:
The defendant also argues that the state's purpose for introducing the molestation evidence was to portray the defendant as a bad character in the eyes of the jury. However, an analysis of the evidence confirms that it was properly offered to show motive, system, opportunity and plan, all of which are valid purposes for the use of other crimes evidence under L.C.E. art. 404B. The victim's 9-year old sister testified at trial that the defendant molested her during the same time period that the defendant was accused of sexually assaulting the victim. According to the young girl, the molestation incidents occurred while her mother was working nights and the defendant was watching the two sisters and their brother. The defendant would fondle the child's genitals when she went to the defendant's bedroom to dress after bathing. The girl's clothing, like the victim's, was kept in the bedroom. Thus, sexual attacks on the victim and her younger sister took place during the same period of time and the factual circumstances of the attacks were virtually identical. Considering the timing and the close similarities between the sexual assaults on the two girls, the molestation evidence was properly offered by the state to show the defendant's systematic plan, opportunity and motive for commission of this offense. State v. Howard, 520 So.2d 1150 (La.App. 3 Cir.1987), writ denied, 526 So.2d 790 (La.1988). Moreover, the trial judge correctly determined that the probative value of the molestation evidence outweighed its prejudicial effect. State v. Hatcher, 372 So.2d 1024 (La.1979); State v. Prieur, supra.
State v. Hanks, 593 So.2d at 974.
The Hanks court also noted that the trial judge gave an appropriate limiting instruction to the jury and that the trial judge correctly determined that the probative value outweighed any prejudicial effect of the evidence.
The same issue was addressed in State v. DeRoche, 629 So.2d 1267, 1271-1273 (La.App. 5th Cir.1993). In DeRoche, this Court found that the evidence of molestation against other juveniles was admissible. The DeRoche court reviewed the jurisprudence on this issue to reach its conclusion, as follows:
In State v. Tyler, 619 So.2d 807 (1st Cir. 1993), the court held that evidence that the defendant raped his nieces in their pre-teen years was admissible in his prosecution of the aggravated rape of the victim *26 (defendant's stepdaughter) under the age of 12; in light of the defendant's denial that sexual acts occurred, the victim's credibility was at issue and any evidence of the defendant having a motive or plan to engage in sexual relations with young female relatives would be relevant to establish the crime charged, and the state's proof that the defendant committed the offenses against the nieces was clear and convincing.
In State v. Long, 590 So.2d 694 (3rd Cir. 1991) the court admitted the testimony of the defendant's stepdaughter, who was not the victim of the present charge, because it proved defendant's motive, plan, or general intent as it pertained to his daughter, and it provided strong, corroborative evidence of the victim's testimony.
However, see State v. Bailey, 588 So.2d 90 (La.1991) and State v. Jamison, 617 So.2d 480 (La.1993), where evidence of crimes or acts against individuals other than the instant victims was held inadmissible because "the evidence does not establish the defendant's particular system for committing the charged crime against the prosecutrix, and it otherwise fails to establish a pattern of committing sexual offenses against the same prosecutrix." State v. Jamison, at 481, quoting State v. Bailey, supra.

Although it is not entirely clear from these two per curiam decisions, evidently the state sought to introduce other crimes evidence for a different purpose than it sought in the instant case. Apparently, the prosecutrixes in Bailey and Jamison sought to introduce other crimes evidence to show defendant's pattern or system regarding the same victims as in the crimes charged. However, in the instant case, the state sought to prove defendant DeRoche's motive, plan, and opportunity to molest young juvenile boys under analogous circumstances as the victims in the crimes charged. Using the rationale of Tyler, Long, and Howard, the other crimes evidence against DeRoche was clearly admissible. Therefore, the trial court did not err. This evidence consisted of the testimony of two juveniles. One boy testified that defendant had asked him to masturbate the defendant, but the juvenile refused and no other attempts were made. The second juvenile testified that defendant started to unzip his (the juvenile's) pants and he told DeRoche to stop and bring him home, which he did.
In the instant case the evidence was admissible because the state sought to use it to prove defendant's motive or plan, i.e., molesting juvenile males, and not to prove any system for the commission of the charged crimes against the five victims in case No. 92-0614. Moreover, even if we found the court erroneously admitted the evidence, in our view it would be harmless error. In determining whether the erroneous admission of evidence requires the reversal of a defendant's conviction, the proper standard to be used is whether there is a reasonable possibility that the evidence might have contributed to the verdict, and whether the reviewing court is prepared to state beyond a reasonable doubt that it did not. State v. Romero, 574 So.2d 330 (La.1990); State v. Bonck, 613 So.2d 1125 (5th Cir.1993).
In reviewing the evidence in its entirety it appears that there was not a reasonable possibility that the other crimes evidence contributed to the verdict. The other crimes evidence concerned less offensive acts as opposed to the numerous offenses involving five victims, each of whom testified, for which the defendant was on trial; thus the evidence was of little significance. See State v. Perry, 502 So.2d 543 (La. 1986). Furthermore, the evidence of the defendant's guilt was overwhelming in that the victims unequivocally testified at trial that the defendant committed the offenses. As such the admission of other crimes evidence would have been harmless error.
State v. DeRoche, 629 So.2d 1267 (La.App. 5th Cir.1993).
In State v. Howard, 520 So.2d 1150, 1154 (La.App. 3rd Cir.1987), writ denied, 526 So.2d 790 (La.1988), the court analyzed the problem, stating:
(4) Louisiana cases have determined that other crimes evidence may be admissible if the evidence had independent relevance to *27 establish motive. State v. Abercrombie, [375 So.2d 1170 (La.1979)], supra; State v. Sutfield, 354 So.2d 1334 (La.1978). Other crimes evidence which has independent relevance and is admitted to show motive must satisfy two tests: 1) the evidence must be clear and convincing that the defendant committed the other crimes, and 2) the probative value of the evidence must outweigh the risk of prejudicethe risk that the defendant will be convicted because the evidence is used to show he is a man with a criminal disposition. State v. Abercrombie, supra. (The Abercrombie case makes a clear distinction between motive and intent. Although specific intent is not an essential element of aggravated rape, evidence introduced to establish general intent or motive is admissible. State v. Hills, 259 La. 436, 250 So.2d 394 (1971).)
(5) In the instant case, the evidence of previous sexual assaults against a daughter at a period of time analogous to the current victim (pre-teen years) and under similar circumstances (appellant intoxicated and alone with the victim in that others are either away or asleep) demonstrated motive and a plan to systematically engage in non-consensual relations with his daughters as they matured physically. See State v. Goforth, 59 N.C.App. 504, 297 S.E.2d 128 (1982). Additionally, the testimony was introduced to corroborate the assertions by the prosecutrix. See State v. Raye, 73 N.C.App. 273, 326 S.E.2d 333 (1985); People v. Hammer, 98 Mich.App. 471, 296 N.W.2d 283 (1980). The evidence of the prior crimes was clear and convincing in that the victim of that assault testified to the facts. Furthermore, the trial judge properly held that the probative value of the testimony outweighed any potential prejudicial effect. Again, the testimony tended to establish a motive which induced appellant's actions toward the victim. State v. Abercrombie, supra at 1175. The similarity in the timing of the acts and the fact that they were apparently precipitated by appellant's intoxication could establish plan or opportunity. Without this testimony, the jury would have had little corroboration of the victim's assertions.
* * * * * *
The testimony of family members other than the prosecutrix concerning prior sexual offenses by the defendant under analogous circumstances is admissible and has independent relevance to establish motive, plan and opportunity. The trial judge must always weigh the probative value of such testimony against the potential prejudicial effect. In the present case, the trial judge was correct in determining that the probative value outweighed any potential for prejudice.
State v. Howard, 520 So.2d at 1154.
The facts of this case are similar to those in Hanks. The older daughter testified at the trial that her father molested her during the same time period that defendant was accused of raping his youngest daughter. The incidents involving the older daughter also occurred while the grandmother was working nights or asleep, and involved acts of penal penetration, cunnilingus and touching the genital area.
Like the facts in Hanks, the sexual assaults on both daughters here were committed in the same time period and the attacks were similar. Considering the jurisprudence, in particular this court's opinion in Hanks, and after a review of the evidence, we find that the evidence was properly introduced at trial for valid purposes under La. C.E. art. 404 B, to show defendant's systematic plan, opportunity and motive for commission of this offense. Furthermore, we find that the probative value of the evidence outweighs any prejudicial effect. In addition, we find that the trial judge complied with Prieur by giving the jury an appropriate limiting closing instruction regarding other bad acts evidence. Consequently, defendant's conviction will be affirmed.
In his second assignment of error, defendant asserts that the trial court erred in denying appellant's motion to recuse. Defendant contends that there was a conflict of interest involving the trial judge that warranted the granting of the motion.
It is well settled that a trial judge is presumed to be impartial. For an accused to be entitled to the recusation of a trial *28 judge on grounds of bias, prejudice, and personal interest, such bias, prejudice and personal interest must be of a substantial nature, based on more than mere conclusory allegations. La.C.Cr.P. art. 671; State v. Edwards, 420 So.2d 663, 673 (La.1982). La. C.Cr.P. art. 671 states:
Art. 671. Grounds for recusation of judge
A. In a criminal case a judge of any court, trial or appellate, shall be recused when he:
(1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;
(2) Is the spouse of the accused, of the party injured, of an attorney employed in the cause, or of the district attorney; or is related to the accused or the party injured, or to the spouse of the accused or party injured, within the fourth degree; or is related to an attorney employed in the cause or to the district attorney, or to the spouse of either, within the second degree;
(3) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause;
(4) Is a witness in the cause;
(5) Has performed a judicial act in the case in another court; or
(6) Would be unable, for any other reason, to conduct a fair and impartial trial.
B. In any cause in which the state, or a political subdivision thereof, or a religious body is interested, the fact that the judge is a citizen of the state or a resident of the political subdivision, or pays taxes thereto, or is a member of the religious body is not of itself a ground for recusation.
Defendant asserts that the trial judge should have been recused because he served as an assistant district attorney in a criminal matter involving defendant which occurred in 1971 and because the judge had previously presided over a 1980 custody matter involving defendant's children.
At the recusal hearing, the trial judge testified that he had no memory of defendant or the 1980 custody matter and no memory of the 1971 criminal case in which he served as a prosecutor. Furthermore, the testimony showed that the criminal charge was not prosecuted by the state. The judge that heard the recusal motion ruled that there was no reason that the trial judge "would not be a fair and impartial Judge, especially in light of the fact that it is a jury trial and he will be called on only for evidentiary hearings."
After our review, we find that defendant's evidence does not support a recusal. See State v. Porter, 615 So.2d 1073, 1074 (La. App. 4th Cir.1993), writ denied, 616 So.2d 673 (La.1993). In addition, we find that the trial judge's conduct during the trial demonstrates no prejudice. Moreover, all issues of fact pertaining to guilt or innocence were tried by a jury, not the trial judge. Thus, we find that the judge who decided the motion for recusal did not err in refusing to recuse Judge McManus from presiding over the trial of defendant for aggravated rape.
Defendant also assigned any and all errors patent on the face of the record.
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
While the minutes and commitment form indicate that defendant was given credit for time served, the transcript does not so reflect. Generally, where there are *29 discrepancies between the transcript and minute entry or commitment, the transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983); State v. Lockett, 542 So.2d 670 (La.App. 5th Cir.1989). According to La. C.Cr.P. art. 880, the court, when it imposes sentence shall give credit for time served. Since Article 880 is mandatory in its language, defendant must be given credit for time served, despite the fact that it is not specifically stated in the transcript. See State v. Klingman, 594 So.2d 510, 513 (La. App 5th Cir.1992), writ denied, 596 So.2d 197 (La.1992). Therefore, we order that defendant be given credit for time served.
Accordingly, defendant's conviction is hereby affirmed. The sentence is amended to provide credit for time served and is hereby affirmed as amended.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] State v. Prieur, 277 So.2d 126 (La.1973)
[2] See Error Patent review in discussion of Assignment of Error Number Three.
[3] See: State v. Boudreaux, 526 So.2d 230 (La. App. 5th Cir.1988), writ denied, 532 So.2d 176 (La.1988).