774 So.2d 1062 (2000)
STATE of Louisiana, Appellee,
v.
Jerry ZORNES, Appellant.
No. 34,070-KA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 2000.
*1063 Peggy J. Sullivan, Louisiana Appellate Project, Monroe, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Edwin L. Blewer, III, Tommy J. Johnson, Assistant District Attorneys, Counsel for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
CARAWAY, J.
The state charged the defendant with one count of aggravated rape of his six-year-old daughter. A jury found him guilty of that offense. The court denied the defendant's motion for a new trial and motion for a post-verdict judgment of acquittal. On appeal, the defendant urges three assignments of error, including sufficiency of evidence, the introduction of other crimes evidence, and the excessiveness of the mandatory sentence of life in prison. Finding no merit to the assignments of error, we affirm the conviction and sentence.

Facts
On August 19, 1995, Jerry Zornes, the defendant, was at a birthday party with his family and friends at the home of Ben Dupont. The defendant had several alcoholic *1064 beverages at the party. The defendant then left the party with Ben Dupont to go to a rodeo located in Oil City, Louisiana. Ben brought along his daughter, Katherine, and the defendant brought his then six-year-old daughter, S.Z.
After the rodeo, Ben Dupont dropped off the defendant and S.Z. at their home. Neither Jerry nor S.Z. had a key to the house, so they crawled in through an open back window. After entering the home, the defendant placed the chain lock on the front door. The defendant then moved to the couch and told S.Z. to come sit in his lap. He began to fondle and grope S.Z. in her vaginal area. S.Z. testified that he started "messing with my bottom part," and trying to "squeeze my bottom part." The defendant then told her to go put on a night shirt. The defendant ordered S.Z. to place his penis in her mouth. He then climbed on top of her and in S.Z.'s words began to put his "long bottom part" into her "bottom part." However, the defendant was interrupted by the shouts of Mrs. Jeannie Zornes returning home from the party as she was unable to get in because of the chain on the front door.
After the defendant took the chain off the door and let Jeannie in, she immediately noticed that S.Z. was very disturbed and was trying to hold back her tears. S.Z. then ran to the bathroom. Jeannie, sensing something was wrong with her daughter, followed S.Z. to the bathroom where S.Z. told her that "daddy hurt me," and pointed to her vaginal area. Jeannie then noticed that S.Z. had fresh blood on her night gown.
Jeannie then took S.Z. and her older daughter M.S. back to Ben Dupont's house where they called 911. S.Z. was taken to the hospital, and Jerry Zornes was arrested.

Discussion
Assignment of Error No. 1: Sufficiency of the Evidence
The defense argues that there was no direct evidence other than the testimony of S.Z. to support a finding that an act of sexual intercourse had taken place. The defense further asserts that the evidence of irritation and swelling around S.Z.'s vaginal area with a small tear on one side, but with the hymen intact and no active bleeding, was not related by any doctor, or other expert, to be solely indicative of sexual intercourse. The defense next alleges that the testimony of S.Z. was unduly influenced by Jeannie Zornes who wished to have the defendant put away because he had threatened to divorce her and take S.Z. away.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
Rape is defined by La. R.S. article 14:41 which states:
A. Rape is the act of anal or vaginal sexual intercourse with a male or female person committed without the person's lawful consent.
B. Emission is not necessary and any sexual penetration, vaginal, or anal, however slight is sufficient to complete the crime.
Aggravated Rape is defined in La. R.S. article 14:42 which states in relevant part:
A. Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(4) When the victim is under the age of twelve. Lack of knowledge of the victim's age is not a defense.
*1065 Each element of the crime must be proven by the state beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Cotton, 634 So.2d 937 (La.App. 2d Cir. 1994). For a trier of fact to find the element of vaginal or anal penetration beyond a reasonable doubt, the record must reveal some evidence of penetration, however slight. State v. Prestridge, 399 So.2d 564 (La.1981); State v. Lewis, 577 So.2d 799 (La.App. 2d Cir.1991), writ denied, 582 So.2d 1304 (La.1991). The victim's testimony alone is sufficient to establish penetration and the other elements of the offense. State v. Rives, 407 So.2d 1195 (La.1981); State v. Abott, 29 497 (La. App.2d Cir.6/18/97), 697 So.2d 636; State v. Standifer, 513 So.2d 481 (La.App. 2d Cir.1987); see also, State v. Walder, 504 So.2d 991 (La.App. 1st Cir.1987), writ denied, 506 So.2d 1223.
The victim was the only eyewitness to the crime. The jury apparently found her testimony to be credible. It is within a jury's sound discretion to accept or reject in whole or part the testimony of any witness. State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). The credibility of witnesses is not re-weighed on appeal. State v. Matthews, 450 So.2d 644 (La. 1984).
The testimony at trial revealed a pattern of sexual abuse of his children by Jerry Zornes. The testimony revealed that Jerry Zornes was a heavy drinker and enjoyed pornography. The defendant liked to replicate his pornographic experiences with his children. S.Z. gave detailed testimony that the defendant performed oral sex on her, made her "put her mouth on his bottom part," and how he put his "long bottom part" into her "bottom part." There was no doubt that S.Z. knew to what body parts she referred.
That testimony coupled with the physical evidence established that there had been some contact that had caused the bleeding, tearing and swelling to S.Z.'s vaginal area. The defense agues that despite this evidence, there was not enough damage done to S.Z.'s vagina to support a finding that sexual intercourse had taken place. However, the evidence presented at trial clearly supports the finding that sexual penetration, "however slight," occurred so that the essential elements of the crime was proven beyond a reasonable doubt.
Assignment of Error No. 2: Introduction of Other Crimes Evidence
The defense argues that the trial court erred in allowing the testimony of M.S., S.Z.'s older sister, during the trial of the case concerning other instances of sexual abuse upon her. M.S. testified how the defendant would touch her chest and vaginal areas with his hand, mouth and penis. The defense further argues that there was no physical evidence or other corroboration of M.S.'s testimony and that the evidence did not indicate that the defendant had a lustful disposition, but only served to inflame the jury and make them believe that the defendant was a bad person.
Following a pre-trial hearing, the trial court found that the evidence was relevant and "dealt with the defendant's lustful disposition toward girls under twelve years old which resulted in some type of intercourse that occurred in both events." The trial court relied upon State v. Miller, 98 0301 (La.9/9/98), 718 So.2d 960, and State v. Driggers, 554 So.2d 720 (La.App. 2d Cir.1989) to support its ruling. A trial court's ruling on the admissibility of evidence of other crimes will not be overturned absent an abuse of discretion. State v. Scales, 93-2003 (La.5/22/95), 655 So.2d 1326; State v. Blackwell, 30,281 (La. App.2d Cir.11/10/97), 701 So.2d 1389, writ denied, 97-3073 (La.2/13/98), 709 So.2d 755.
For evidence of other crimes to be admissible, the state must prove with clear and convincing evidence (1) that the other acts or crimes occurred and were committed by the defendant, (2) that the other acts satisfy one of the requirements of La. *1066 C.E. art. 404 B(1) [motive, opportunity, intent, knowledge, preparation, plan, identity, system, absence of mistake or accident], and (3) that the probative value of the evidence outweighs its prejudicial effect. State v. Jackson, 625 So.2d 146 (La. 1993). In Miller, 718 So.2d at 962-963, the Louisiana Supreme Court noted the special evidentiary problems in child sexual abuse cases:
Child sexual abuse cases raise special concerns for the judicial system not present in other criminal cases. Frequently, in cases involving the sexual abuse of children, the offense takes place in secret, the victim is young, vulnerable, and reluctant to testify, and there is often no physical or other evidence the abuse took place. As a result, special laws and rules have been passed to address the unique concerns presented in these types of cases. In further recognition of the need to treat child sexual abuse cases specially, some jurisdictions admit evidence of uncharged misconduct to show "lustful disposition" or "depraved sexual instinct" in cases involving sex crimes against children.
Other courts have allowed the introduction of such evidence for purposes more traditionally associated with Article 404(B), e.g., to establish a plan, motive, scheme, or design or to show intent. Indeed, Fed.R.Evid. 413 was recently amended to expressly allow the admission of other offenses of sexual assault by the defendant "for its bearing on any matter to which it is relevant."
Louisiana has followed the national trend toward broader admissibility of other crimes evidence in cases involving alleged sexual abuse of minor children. Pugh, Handbook on Louisiana Evidence Law 1996, 284. The supreme court first recognized the "lustful disposition" exception in State v. Cupit, 189 La. 509, 179 So. 837 (1938), where the defendant was charged with assault with intent to commit rape of his young niece. The state presented evidence the defendant had raped another niece and had been charged with the rape of yet another niece. The court held the evidence was admissible in that the "prior offenses ... clearly tended to show the lustful disposition the defendant bore towards his nieces, and his unnatural desire to have sexual intercourse with them; all of his nieces being children of tender age." 189 La. at 516, 179 So. at 839.
Generally, evidence of other sex crimes committed by the accused against the same victim or a similarly situated victim falls into one of the 404 B exceptions. For motive or lustful disposition toward the particular victim, see State v. Baker, 535 So.2d 861 (La.App. 2d Cir.1988), and State v. Howard, 520 So.2d 1150 (La.App. 3d Cir.1987). For plan, system, and opportunity, see State v. Acliese, 403 So.2d 665 (La.1981), and State v. Hanks, 593 So.2d 971 (La.App. 5th Cir.1992). For intent, see State v. Baker, 552 So.2d 617 (La.App. 2d Cir.1989), writ denied, 559 So.2d 136 (La.1990); and State v. Moore, 534 So.2d 1275 (La.App. 4th Cir.1988), writ denied, 560 So.2d 21 (La.1990).
Particularly, where the testimony shows that the factual circumstances of the prior acts and the crime charged are virtually identical, the evidence of the other crimes is corroborative of the victim's testimony and establishes a system or plan. Acliese, supra; Hanks, supra; and Baker, supra.
Evidence of the defendant's improper sexual conduct with the half-sister of the victim which was carried out in the same manner, place, and time period as the charged offense was clearly relevant and admissible in the instant case. Secondly, the evidence shows the defendant's motive or system in carrying out the charged offense. Finally, the probative value of such evidence outweighed any prejudice that might arise. Accordingly, this assignment of error lacks merit.
*1067 Assignment of Error No. 3: Excessive Sentence
By this assignment, defendant alleges that the trial court erred in imposing an excessive sentence and in not articulating the reasons for the sentence as required by La.C.Cr.P. art. 894.1.
It is the legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies, and the courts are charged with applying those punishments unless they are found to be unconstitutional. State v. Koon, 31,177 (La.App. 2 Cir. 2/24/99), 730 So.2d 503. The decision to assess mandatory life sentences for certain felonies is within the prerogative of the legislature. Id. The assertion that the mandatory life sentence for aggravated rape is a violation of the prohibition against excessive punishment in the Louisiana Constitution has been repeatedly rejected. State v. Ingram, 29,172 (La.App. 2 Cir. 1/24/97), 688 So.2d 657; writ denied 9/5/97, 700 So.2d 505. The sentence imposed by the trial court was a mandatory sentence. Therefore, the trial court did not err in failing to articulate reasons for the sentence. It would be an exercise of futility for the trial court to discuss those factors required by La.C.Cr.P. art. 894.1, when it had no discretion in sentencing defendant. See State v. Williams, 445 So.2d 1264 (La.App. 3d Cir.1984). Accordingly, these assignments of error lack merit.

Conclusion
From the foregoing review and finding no error patent, we affirm the conviction and sentence.
AFFIRMED.