BLANCHE, Justice.*
Defendant, Emmitt Hills, was charged with aggravated rape in violation of La.R.S. 14:42, and pursuant to a jury recommendation, received a life sentence. Thereafter, *MCCXCIX he perfected an out of time appeal to this Court. On appeal, we found no merit in any of the assignments of error except that error which alleged that the state inadequately rebutted defendant’s allegation that his confession was coerced by threats and physical abuse. We remanded the case to the trial court for a supplemental hearing on this issue. After a hearing in accordance with our decree, the trial court denied the motion to suppress, and now the defendant has appealed from that ruling.
With regard to our remand, this Court called attention to the unrebutted statement as follows:
“According to defendant, soon after he arrived at police headquarters, a group of detectives began talking about shooting him in the foot and head and throwing him into the river. Defendant said they told him a detective named Gill shot another boy and threw him in the river. Defendant testified that when he returned from the line-up he was struck by officer Gill. Under the version of the facts most favorable to the State the line-up was held immediately before defendant signed the waiver form and made oral inculpatory statements. Officer Gill did not testify, and the threats and the beating incident were not specifically controverted by the testimony of any witness.”
At the initial hearing on this charge, three officers on duty the night of defendant’s arrest all denied any personal knowledge of threats and violence. At this hearing on remand, the state called three other police officers who were involved in the investigation but had not testified at the first hearing. Appellant argues that the above allegations were never specifically rebutted by the state, even at the second hearing. Initially, it should be noted that by the time of the hearing on this issue, seven years had passed since the alleged occurrence of the incident, and realistically, the hearing was hampered by memories clouded by the passage of time. Therefore, the officers allegedly involved in the group coercion of the defendant had little independent recollection of their interrogation of the defendant, and their denial of threats, intimidation and coercion, though believed by the trial judge, lacked in the substance which often is provided by detail. For example, Detective Gill could not remember whether he questioned the defendant or participated in the line-up. He did not recall if he had interviewed the defendant or participated in his confession, or even worked a Baton Rouge hospital rape case. This officer did testify with certainty that he had not struck the defendant, an occurrence which he felt would surely have stood out in his memory, and although not expected to admit such an incredible charge, he did testify that he had never “shot another boy and [thrown] him into the river.”
Officer Landry testified that although he and his riding partner, Cupit, had investigated the offense, he had not, “according to the report”, taken part in the interrogation and probably had only minimal contact with the defendant.
In the original hearing on the motion to suppress, the defendant singled out Officer Satterwhite as being the one who told him about Officer Gill’s propensity for violence by stating “I forgot who it was, but he was, he was over all the detectives over there.” Officer Satterwhite, who was the officer in charge of the detectives that night, had even less to offer than the others. He could not remember his rank, his position, defendant, nor the night in question. He did claim in a more convincing manner that he had never made a threat of the type alleged by the defendant because he knew he would not make such a statement.
A concerted attempt was made by the defense counsel to show as a result of a Black Muslim confrontation with police just two days prior to the time defendant was arrested that the officers, all of whom were white, had harbored animosity toward blacks. However, all of the officers categorically denied this charge.
In summary, although the testimony at the hearing on the issue is less than compelling, due to the ravages of time upon the officers’ recollections, we believe that it is a *MCCC sufficient rebuttal to the defendant’s allegations of threats by a group or otherwise, and accordingly, find that the state adequately rebutted defendant’s testimony indicating coercive measures or intimidation against him in obtaining his confession.
CONVICTION AND SENTENCE AFFIRMED.

 Honorable JESSE N. STONE, Jr. served as Justice Ad Hoc in the vacancy created by the resignation of TATE, J.