392 So.2d 442 (1981)
STATE of Louisiana
v.
Donald Ray BELL.
STATE of Louisiana
v.
Charles CLAIBON.[*]
Nos. 80-K-2151, 80-KA-2081.
Supreme Court of Louisiana.
February 5, 1981.
Frank J. Saia, M. Michele Fournet, Baton Rouge, for defendants-movants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff.
DIXON, Chief Justice.
The defendants in these cases have moved to vacate our orders assigning court of appeal judges to this court as justices ad hoc to assist in reviewing criminal appeals. They contend that the assignments are neither not authorized by the state constitution or are in conflict with it.
The court's power to assign judges to assist courts other than their own within the judicial branch in furtherance of the administration of justice is explicit and unfettered. Article 5, § 5(A) of the Louisiana Constitution of 1974 provides without qualification that the Supreme Court "may assign *443 a sitting or retired judge to any court." All efforts to limit this plenary power during the 1973 constitutional convention were decisively rejected. STATE OF LOUISIANA CONSTITUTIONAL CONVENTION OF 1973 Verbatim Transcripts August 15, 1973 at 50-76. This court's supervisory jurisdiction and assignment powers under the Constitution of 1921 were expressly retained and strengthened by the 1974 Constitution.[1] See Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La.L.Rev. 765, 786 et seq. (1977).
The arguments in support of the motions to vacate the appointments are wholly without substance and merit.
The motions are denied.
NOTES
[*] Editor's Note: The opinion on rehearing of the Supreme Court of Louisiana in State v. Kaercher, published in the advance sheets at this citation (392 So.2d 442), was withdrawn from the bound volume and will be republished together with the original opinion.
[1] The Supreme Court's power of appointment is not limited to cases in which a vacancy exists. Article 5, § 22(B) is a specific provision for filling vacancies and newly created judgeships. It differs from the provision concerning the appointment of sitting or retired judges to any court; those appointed to fill a vacancy or a newly created judgeship need not be judges, and are ineligible to fill the vacancy or the new office.