476 So.2d 942 (1985)
STATE of Louisiana, Appellee,
v.
Garland ROGERS, Appellant.
No. 17358-KW.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1985.
*943 James H. Carter, Jr., Asst. Indigent Defender, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Richard L. Carney and John A. Broadwell, Asst. Dist. Attys., Shreveport, for appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and SEXTON, JJ.
JASPER E. JONES, Judge.
Defendant's application for a supervisory writ in this prosecution for aggravated battery was granted to consider whether the district court erred in denying an evidentiary hearing on his motion to suppress. The writ is made peremptory and this matter is remanded for further proceedings.
The defendant filed a motion to suppress inculpatory statements and physical evidence. The defendant's motion alleges that his arrest was illegal and that the physical evidence was seized without a warrant and the inculpatory statements were made upon his illegal arrest.
The state responded with a motion for a denial of the motion to suppress without a hearing upon grounds that it did not comply with the factual allegation requirement of LSA-C.Cr.P. art. 703 E. The defendant then filed a "Motion to Quash State's Motion to Deny Motion to Supress" asserting that his motion to suppress met all constitutional requirements for an evidentiary hearing and that Art. 703 E is unconstitutional if construed as to deny him a hearing.
The district judge entered a written ruling denying a hearing on the motion to suppress and rejecting defendant's attack on the constitutionality of Art. 703 E. The district judge allowed defendant an opportunity to amend his motion to suppress; however, defendant instead made this writ application.
*944 The defendant contends that his present motion to suppress is sufficient to entitle him to an evidentiary hearing and that if Art. 703 E is construed so as to deny him a hearing on his motion then that article is unconstitutional.
The state argues that the defendant "must make a prima facie showing why the evidence he seeks to have excluded should be so excluded" before he is entitled to a hearing. The state concludes that the defendant's present allegations are insufficient for that purpose. We disagree.
A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).
Before a confession or inculpatory statement may be introduced into evidence the state must affirmatively show, beyond a reasonable doubt, that the confession or inculpatory statement was free and voluntary. State v. Glover, 343 So.2d 118 (La. 1977).
At a hearing on a defendant's motion to suppress a confession or inculpatory statement the state bears the burden of proving beyond a reasonable doubt, the free and voluntary nature of the confession or statement and, therefore, it is obliged to call its witnesses first and go forward with its proof to meet its burden. State v. Hills, 354 So.2d 186 (La.1977), app. after rem., 377 So.2d 1218 (1979); State v. Peters, 315 So.2d 678 (La.1975); State v. Smith, 409 So.2d 271 (La.1982). See LSA-C.Cr.P. art. 703(D).
The state bears the burden of proving the admissibility of any evidence seized without a search warrant. State v. Keller, 403 So.2d 693 (La.1981). See LSA-C.Cr.P. art. 703(D).
Once the defendant establishes that a warrantless search occurred the burden of proof at the suppression hearing shifts to the state to show that one of the exceptions to the warrant requirement is applicable. State v. Roberds, 393 So.2d 715 (La.1981).
C.Cr.P. art. 703 E states in part:
"An evidentiary hearing on a motion to suppress shall be held only when the defendant alleges facts that would require the granting of relief."
An allegation of facts sufficient to establish the defendant's right to relief does not require that he allege facts to negate every possible response by the state. Where the motion to suppress shows facts which, without more, would entitle him to relief he has satisfied Art. 703 E's requirement for an evidentiary hearing.
A defendant who objects to the use of a confession has a constitutional right to "a fair hearing and a reliable determination on the issue of voluntariness." Jackson v. Denno, supra at p. 377, 84 S.Ct. at 1781. A similar result must obtain with respect to an inculpatory statement as it is the state's burden to show that either an inculpatory statement or a confession is free and voluntary. State v. Glover, supra; State v. Hills, supra.
Merely by objecting to the use of the inculpatory statement through his motion to suppress defendant alleged all facts necessary to entitle him to an evidentiary hearing at which it will be the state's burden to establish beyond a reasonable doubt that the inculpatory statement was free and voluntary. State v. Hills; State v. Peters; State v. Smith. In denying defendant a hearing on his motion to suppress the district judge erroneously relieved the state of its burden to prove beyond a reasonable doubt that the inculpatory statement was free and voluntary.
The defendant has alleged that physical evidence was seized without a warrant. Upon establishing that single fact the defendant would be entitled to have the evidence suppressed unless the state then goes forward to show that one of the exceptions to the warrant requirement is applicable. State v. Roberds, supra.
*945 The defendant's allegation that physical evidence was seized without a warrant is legally sufficient to entitle him to a hearing on his motion to suppress under Art. 703 E. The district judge erred in interpreting the statute otherwise.
The district court and the state rely on State v. Richey, 258 La. 1094, 249 So.2d 143 (1971) to support their interpretation of Art. 703 E. In Richey the court held that no hearing was required on a motion to suppress which sought to suppress "any and all physical and testimonial evidence of every kind, nature and description."
We do not find Richey to be controlling here because of the substantial differences in the motions to suppress. The motion in Richey is extremely broad and vague and does not compare to Rogers' motion which does make the factual allegations required by law to establish a right to the suppression of the evidence, even though the factual details of the circumstances surrounding his alleged involuntary statement made following an illegal arrest and the warrantless seizure are not as factually specific as the state would prefer.
Where a defendant files a motion to suppress tangible evidence seized without a warrant or an inculpatory statement or confession he is entitled to a hearing under Art. 703 E without alleging specific detailed facts. This is true because with respect to these types of evidence, once the warrantless seizure of physical evidence is established and always with inculpatory statements or confessions, it is the state's burden to establish their admissibility.
We have not addressed defendant's contention that an evidentiary hearing should be held to determine the admissibility of his prior convictions at trial inasmuch as the state conceded at oral argument that defendant is entitled to an evidentiary hearing on this aspect of his motion to suppress.
The writ is made peremptory and the ruling of the district court denying an evidentiary hearing on the motion to suppress is reversed and this matter is remanded for an evidentiary hearing on defendant's motion to suppress and further proceedings.
SEXTON, J., concurs.