501 So.2d 305 (1987)
Buck ZION
v.
Lloyd STOCKFIETH, Chevron Oil Company and State Farm Mutual Automobile Insurance Company.
No. 86-CA-473.
Court of Appeal of Louisiana, Fifth Circuit.
January 5, 1987.
Rehearing Denied January 30, 1987.
John H. Brooks, Gretna, for plaintiff-appellee.
Lloyd C. Melancon, McLoughlin, Barranger, Provosty & Melancon, M. Truman Woodward, Jr., James K. Irvin, Talmage M. Watts, New Orleans, for defendants-appellants.
Before KLIEBERT, GAUDIN and WICKER, JJ.
GAUDIN, Judge.
Appellants have brought to our attention the fact that the Hon. Frank V. Zaccaria, former judge of Division "B", 24th Judicial District Court, who retired on December 10, 1985, had neither general nor specific authority to sign several judgments or orders in this case dated April 3 and 4 and June 11, 1986.
Following his retirement, Judge Zaccaria was at various times appointed, by *306 special order of the Supreme Court of Louisiana, to either Division "B" or to another division of the district court. These orders, eight in all, either assigned him to Division "B" for a specified number of days or assigned him to another division or assigned him to the district court to resolve specifically pointed out cases. None of these orders, as appellants correctly contend, would have allowed Judge Zaccaria to sign judgments or orders in the instant case in April and June of 1986. Obviously this was an inadvertent procedural oversight as no doubt the Supreme Court would have issued the necessary order or orders had it been asked.
Nonetheless, we are governed by LSA-R.S. 13:4209, which states:
"In all cases where cases are heard and taken under advisement of the district judge or judges of the city courts, if the judge before whom a case is tried should die, resign, or be removed from office, or should his term expire before rendering his judgment in the case, his successor in office shall decide the case from the evidence in the record, if all of the testimony is in writing, but if it should be a case in which the testimony has not been reduced to writing, the succeeding judge shall decide the case from a statement of the facts, if one be found in the record, or if the parties to the suit agree upon a statement of facts, and if the testimony be not in the record, and there be no statement of facts, the case shall be tried de novo." (Underlining provided.)
As the testimony in this case has been reduced to writing, a new trial is not required. The successor judge, on remand, could render a new judgment"... from the evidence in the record ..." or the Supreme Court could be asked to issue an order again appointing Judge Zaccaria to Division "B" for the sole and designated purpose of disposing of the instant case.
For these reasons, we nullify and set aside the judgments and/or orders complained of and we remand to Division "B" of the 24th Judicial District Court for execution of whatever new judgments and/or orders are appropriate.
The Clerk of the Fifth Circuit Court of Appeal is hereby instructed to return the transcript and all submitted evidence to the district court.
Each party is to pay its own costs of this appeal.
REMANDED WITH INSTRUCTIONS.

ON APPLICATION FOR REHEARING
Defendants suggest in their application for rehearing that our previous adjudication remanding this matter to the 24th Judicial District Court was partially in error. Defendants argue (1) that the present judge of Division "B" must sign any new order or judgment and (2) that the Supreme Court of Louisiana lacks the procedural authority to assign former judge Frank V. Zaccaria to the district court for the sole and designated purpose of disposing of the instant case.
LSA-R.S. 13:4209, defendants contend, is mandatory; i.e., the successor judge "... shall decide the case ..." Underlining provided.
However, the Supreme Court's power to assign judges is neither limited by nor vested entirely in R.S. 13:4209. In furtherance of the administration of justice, the Supreme Court's right to assign judges is explicit in the state constitution and is unfettered. See Art. 5, Sec. 5(A) of the Louisiana Constitution of 1974 and State v. Bell, 392 So.2d 442 (La.1981). As stated in Bell at page 443: "All efforts to limit this plenary power during the 1973 constitutional convention were decisively rejected."
Art. 5, Sec. 5(A) of the Constitution is as follows:
"The Supreme Court has general supervisory jurisdiction over all other courts. It may establish procedural and administrative rules not in conflict with law and may assign a sitting or retired judge to any court." (Underlining provided.)
Accordingly, the application for rehearing is denied. On remand, the current Division *307 "B" judge, the Hon. Ernest V. Richards IV, can sign a new judgment as authorized by R.S. 13:4209 or he can ask the Supreme Court to assign the former judge (Zaccaria) to the district court to appropriately dispose of case No. 195-734.