DUFRESNE, Judge.
This is an appeal by Lloyd Stockfieth and Chevron U.S.A., defendants-appellants, from a judgment in a personal injury action in favor of Buck Zion, plaintiff-appellee. Because we find that the trial court was without jurisdiction over this matter on the date of signing of the judgment, we hold that the judgment is void, and remand the case for further proceedings.
The procedural facts are these. The case was tried originally by the Honorable Frank V. Zacearía, on November 13, 1985. The trial judge retired on December 10, 1985, before rendering a judgment. On April 3, 1986, a judgment in plaintiff’s favor was signed by the retired trial judge, and defendants appealed. On January 5, 1987, in Zion v. Stockfieth, 501 So.2d 305 (La.App. 5th Cir.1987), this court rendered an opinion setting aside the judgment of the trial court on the grounds that the retired trial judge who had not been appointed judge ad hoc, lacked authority to enter the judgment. The case was remanded for further proceedings. However, before that appellate opinion became final, defendants sought a rehearing of the case, which was denied on January 30,1987. On January 13, 1987, Judge Zacearía was appointed judge ad hoc by our Supreme Court, and proceeded to sign a second judgment dated January 29, 1987, when the matter was still before this court. Defendants now appeal from this latter judgment.
Pursuant to La.Code Civ.Pro. art. 2088, the jurisdiction of a trial court is divested and that of the appelate court attaches upon granting of an order of appeal, and timely filing of the appeal bond, if required, (except for certain matters of no consequence here). In the present case, the jurisdiction of the trial court had been *225 divested and that of this court had attached, and was continuing, on January 29, 1987, the date the judgment presently before us was signed. That judgment is therefore void for lack of trial court jurisdiction.
The court is aware of Overmier v. Traylor, 475 So.2d 1094 (La.1985), but finds that case distinguishable from the present matter. In that case, dismissal of the appeal would have resulted in appellant losing his right to appeal entirely. The Supreme Court reasoned that because appeals are favored in law, any narrow interpretation of procedural rules which would preclude the right to appeal should be avoided.
In the present ease, no loss of appellate rights will occur. We further note that although our ruling may cause some delay in the proceedings, such delay does not constitute in our opinion sufficient grounds to ignore the clear language of La.Code Civ.Pro. art. 2088.
We therefore nullify and set aside the judgment of January 29, 1987, and remand the matter to the district court for further proceedings consistent with this, and our prior opinion in this matter (appearing at 501 So.2d 305).
VACATED AND REMANDED