582 So.2d 889 (1991)
STATE of Louisiana
v.
Kevin WEST.
No. 91-K-1045.
Court of Appeal of Louisiana, Fourth Circuit.
June 19, 1991.
Harry F. Connick, Dist. Atty. and Monique Y. Metoyer, Asst. Dist. Atty., New Orleans, for relator.
William Noland, New Orleans, for respondent.
Before BYRNES, ARMSTRONG and BECKER, JJ.
On February 22, 1991, defendant Kevin West was charged with armed robbery, a violation of La.R.S. 14:64. On April 16, 1991 defendant's motion to suppress an out-of-court identification was granted by the trial court. The State now seeks review by writ of certiorari and prohibition.
Early in the afternoon of January 18, 1991, Ms. Gashia Williams was standing at a door at Joseph S. Clark Senior High School. She had just opened the door to see if it was still raining when a young man came up to the door and asked her to *890 step outside. Ms. Williams turned to leave the doorway, but the man caught the door and ordered her to turn around. As she did so, he pointed a gun at her face and stole her warmup jacket and some jewelry. He then fled the building. The man was observed by a friend of Ms. Williams. Ms. Williams called the police, and when officers arrived, they drove Ms. Williams around the neighborhood to see if they could spot the robber, but they were unable to do so.
On January 23, 1991, five days after the robbery, Ms. Williams happened to see a man who she thought was the robber entering a white house somewhere near the school. A friend who was with her informed her that the man's name was Kevin West. Ms. Williams contacted the police. Officer Oliver, who answered the call, went with Ms. Williams to the house that she saw the man enter. Officer Oliver radioed for backup assistance and then knocked at the door and asked the woman who answered if he could talk to Kevin West. West came to the door, and Officer Oliver told West he was under investigation for a possible robbery. West stepped outside the house to talk to him. While they talked, Officer Oliver walked over near his car, and West followed. Ms. Williams saw West and positively identified him as the man who robbed her. West was then placed under arrest.
At the motion to suppress defense counsel argued that the police officer involved in this case had sufficient opportunity to conduct other than a one-one identification. In his response to the State's application for writs, defendant appears to attack the identification solely because it was made subsequent to what he alleges was a warrantless arrest. The trial court appears to have based its decision to suppress the identification on similar grounds. The court apparently felt that when the officer went to the door of West's residence he was going there with the intent to arrest him for the robberythat there existed probable cause for an arrest.[1] The court found that there was probable cause for defendant's arrest, but suppressed the identification, apparently because there were no "exigent circumstances" requiring this type of one-on-one identification.
The issues before us are whether the out-of-court identification was impermissably suggestive, and if so, whether the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. Manson v. Braithwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Prudholm, 446 So.2d 729 (La. 1984); State v. Valentine, 570 So.2d 533 (La.App. 4th Cir.1990). Reliability is the "linchpin" in determining whether an outof-court identification is admissable at trial. Manson v. Braithwaite, supra. If it is determined that the identification was suggestive, the court must look to five factors set out by the Court in Manson to determine whether the identification was unreliable. These five factors are:
1. The opportunity of the witness to view the assailant at the time of the crime;
2. The witness's degree of attention;
3. The accuracy of the witness's prior description of the assailant;
4. The level of certainty demonstrated by the witness;
5. The length of time between the crime and the confrontation.
Against these five factors must be weighed the "corrupting effect" of the suggestive identification itself. Manson, supra at 97 S.Ct. 2253.
There is no substantial evidence that the identification was even suggestive. This is not a case where the victim is contacted by police and shown a single photograph and asked if he is her assailant. Nor is it even a case where a suspect is apprehended immediately after a crime and returned to the scene for a viewing by the victim. The former is clearly suggestive, the latter, less so. In the instant case, the victim initially *891 identified the defendant as her assailant after a chance encounter. She contacted police and informed them where the defendant was located. Her subsequent identification was no more suggestive than it would have been had the defendant simply walked out of the residence and over to the police car as she and the officer drove up to the residence. Nevertheless, we will assume, arguendo, that the identification was suggestive, and proceed to consider the five factors against which any corrupting effect of the identification must be weighed.
1. The opportunity to view. The robbery occurred on January 18, 1991, at approximately 1:00 p.m. The victim testified that she had stepped outside the front door of Joseph S. Clark Senior High School to see if it was still raining. She remembered that it was raining and cold. Defendant passed by the door and said hello. He asked the victim to step outside. She turned to go back inside of the school, but defendant grabbed the door before it could close and told her to turn around. She did and defendant stuck a gun in her face and told her to come outside. The victim complied and he ordered her to give her jacket which she was holding in her hands. She turned over the jacket which he put on. Defendant then ordered her to give him her ring, and threatened to hit her. He took the ring(s) and ran off down the street. Ms. Williams had an excellent opportunity to view her assailant.
2. The witness's degree of attention. There is nothing to indicate that the victim was anything but attentive. She mentioned nothing about any nearby distractions. As far as the evidence shows, at the time of the robbery there was just the victim and the defendant present. She remembered facts surrounding the robbery in detail.
3. The accuracy of the witness's prior description. It is not known what description Ms. Williams gave police, but she drove around with them immediately after the crime occurred in an effort to find the perpetrator. Thus, she must have felt confidant enough of her recollection to enable her to identify her assailant.
4. The level of certainty demonstrated by the witness. The victim did not hesitate to identify the defendant as her assailant. She identified him as soon as he came near the police car in which she was sitting. Moreover, although the arresting officer may have felt that he did not have a positive enough identification to arrest defendant based upon the victim's reporting that she had seen the man who robbed her go into a residence, the evidence does not show that she had any hesitation about identifying defendant when she saw him go into that residence.
5. The length of time between the crime and the confrontation. There was a lapse of only five days between the robbery and the identification.
Any "corrupting effect" of this identification procedure was, at most, minimal. When this is weighed against the factors favoring the reliability of Ms. Williams' identification, we conclude that defendant's right to due process is not offended by the admissibility of Ms. Williams out-of-court identification. We are unable to say that, considering all of the circumstances of this case, there is "a very substantial likelihood of misidentification." Manson v. Braithwaite, supra at 97 S.Ct. 2254.
Accordingly, the trial court erred in granting defendant's motion to suppress the identification by Ms. Williams.
For the foregoing reasons, we reverse the judgment of the trial court which granted defendant's motion to suppress the identification.
WRIT GRANTED.
NOTES
[1] Officer Oliver testified that defendant was not under arrest when he answered his door. When defendant answered the door Officer Oliver informed him only that he was under investigation for robbery. The officer further testified that he arrested defendant in the presence of Ms. Williams, apparently after she identified him from the police car.