615 So.2d 1073 (1993)
STATE of Louisiana
v.
David PORTER.
No. 92-K-2190.
Court of Appeal of Louisiana, Fourth Circuit.
March 11, 1993.
Writ Denied April 2, 1993.
*1074 David Porter, in pro. per.
Harry F. Connick, Dist. Atty., New Orleans, for respondent.
Before SCHOTT, C.J., and LOBRANO and JONES, JJ.
SCHOTT, Chief Judge.
We grant certiorari in order to review the trial court's denial of defendant's motions to recuse the trial judge and to suppress his identification. We affirm.
Defendant is awaiting trial on a charge of simple robbery.
As to the motion to recuse it was properly tried before another judge of the trial court and a transcript of the hearing is part of our record. The sole basis for his motion was that he had appeared before the judge in previous cases and was known to him so that defendant felt he could not have a fair trial before this judge. However, the judge testified that he did not know the defendant, had no animosity toward him, and could give him a fair trial. The trial judge hearing the motion stated that he found no merit to it and this conclusion is supported by the testimony. Relator failed to present any evidence to support his motion for the judge's recusation.
As to the motion to suppress his identification defendant claims he was identified because he was sitting in the police station in plain view of the victim when he was identified. He states that this amounted to a line-up at which he was not represented by counsel. He contends that his rights have been violated because the trial court did not hold a hearing on his motion before denying it.
An evidentiary hearing is mandatory only when the defendant alleges facts that would require the granting of relief. The trial judge held a preliminary hearing prior to his denial of the motion to suppress. While we have no transcript of the preliminary hearing we must assume that the circumstances of defendant's identification were presented at that time. A second hearing would be superfluous. If defendant is convicted he can raise the issue on appeal.
Accordingly, the orders complained of are affirmed.
AFFIRMED.
JONES, J., dissents in part, with written reasons.
JONES, Judge, dissenting in part, with written reasons.
I agree with the majority that the trial court did not err when it denied the relator's *1075 motion to recuse. For this reason, I would affirm the trial court's denial of relator's motion to recuse the trial judge. However, the facts alleged in the record before us support a finding that the relator was entitled to receive an evidentiary hearing on his motion to suppress the identification. For this reason, I would grant the writ and order the trial court to hold an evidentiary hearing on the motion to suppress.
Relator's motion to suppress the identification was transferred to the trial court by the Louisiana Supreme Court in writ 92-KH-2450 on September 2, 1992 for prompt consideration. The trial court rendered judgment, denying relator's motion on September 4, 1992.
There is nothing in the record to indicate that the trial court held a hearing on relator's motion to suppress the identification. Additionally, the trial record is devoid of any minute entries concerning the reason for the denial of the motion to suppress the identification.
Relator alleges that he was identified by the victim while sitting in the police station in plain view of the victim. He contends that this type of identification amounted to a line-up and that he was not represented by counsel at the alleged line-up. The relator alleges that his arguments are supported by the police report but does not attach the report to his motion. La.C.Cr.P. art. 703(E) provides that an evidentiary hearing shall be held only when the defendant alleges facts that would require the granting of relief. In his complaint concerning the identification, relator basically argues that the identification was so suggestive as to violate his constitutional rights. This type of one on one encounter that relator challenges may be justified by the overall circumstances surrounding his arrest, however, such confrontations wherein the defendant is displayed so singularly that the witness' attention is focused upon the defendant are generally not favored. The burden of proving that the identification was suggestive and that there was a likelihood of misidentification as a result of the identification procedure rests with the relator. Manson v. Braithwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Prudholm, 446 So.2d 729 (La.1984); State v. West, 582 So.2d 889 (La.App. 4th Cir.1991) However, in order to determine if alleged suggestive identification procedure was justified under the circumstances surrounding the relator's arrest, it was incumbent upon the trial judge to hold an evidentiary hearing to accord the relator an opportunity to demonstrate that the identification process was tainted and that the identification should be suppressed. Irrespective of the contents of the police report, relator has alleged facts which would arguably entitle him to relief. For this reason, relator satisfied the requirement of La.C.Cr.P. art. 703(E) for an evidentiary hearing. State v. Rogers, 476 So.2d 942 (La.App. 2nd Cir.1985).
Although the record indicates that a preliminary hearing was held on July 31, 1992, the record contains no notation to indicate whether evidence was adduced at that hearing to support or defeat a motion to suppress the identification of the relator. Arguably, evidence concerning the circumstance of the relator's identification should have been presented at that time. However, since the record of that hearing is not before us, I hesitate to assume that the issue raised in the motion to suppress was considered at the preliminary hearing. Furthermore, the trial judge gave no reasons to justify the denial of the relator's motion to suppress without an evidentiary hearing.
For this reason I would grant the relator's writ and order the trial court to grant the relator an evidentiary hearing on his motion to suppress.