| ¿PARRO, Judge.
In this personal injury action, the trial judge found that the force used in detaining Alyson M. Darensbourg (“Darensbourg”) was excessive and entered judgment in her favor against The Great Atlantic and Pacific Tea Co., Inc. d/b/a Superfresh (“A & P”) and the store’s manager, awarding her reimbursement of medical expenses and general damages. From this judgment, A & P and the store manager appeal. For the following reasons, the judgment is annulled and vacated, and the case is remanded to the Baton Rouge City Court.

Facts and Procedural History

Darensbourg was shopping at A & P’s store (located on Government Street in Baton Rouge) when she was suspected of shoplifting by the store manager. At some point after confronting Darensbourg and accompanying her to the rear of the store to wait for the police to arrive, the store manager placed a handcuff around one of her wrists.
As a result of this incident, Darensbourg filed a petition for damages alleging that her detention was unlawful and unreasonable. The trial in this matter was held before Judge Curtis A. Calloway on September 9, 1991. Following the trial, Judge Calloway took the case under advisement. On May 4, 1998, Judge Calloway issued written reasons for judgment in which he concluded that the store manager had used excessive force in detaining Darensbourg. Based on this finding, the judge ruled in favor of Darensbourg for $982.31 in special damages and $6,500 in general damages. A judgment to this effect was signed by Judge Calloway on June 4, 1993.
A & P and the store manager requested a new trial by a motion filed on June 7, 1993. Their motion was opposed by Darensbourg, partially due to the fact that they were requesting a new trial from Judge Calloway’s successor, Judge Suzan Ponder. On October 14, 1993, Judge Ponder, recognizing the great discretion afforded to the trial judge, denied the motion for new trial. Following this denial, A & P and the store manager appealed and assigned several errors by the city court.

*37
13Standard of Review

A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. See Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882, n. 2 (La.1993). Before an appellate court may reverse a factfinder’s determinations, it must find from the record that a reasonable factual basis does not exist for the findings and that the record establishes that the findings are clearly wrong (manifestly erroneous). Id. at 882; see Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).

Validity of the Judgment

It is public knowledge that Judge Calloway was elected to serve as a judge on the Nineteenth Judicial District Court (East Baton Rouge Parish) prior to the rendition of the judgment in this case. Judge Calloway’s term of office with the Nineteenth Judicial District Court began on November 12, 1992, by which time he would have been forced to resign from his judicial position with the Baton Rouge City Court. There is nothing in the. record that explains why Judge Callo-way (who was no longer on the city court bench), rather than his successor judge, rendered the decision and signed the judgment in this matter.
If Judge Calloway lacked authority to render this decision and sign the judgment, then the judgment which forms the basis for this appeal would not be valid, and this court would not have jurisdiction at this time. See LSA-C.C.P. arts. 1, 2083, and 2162. Therefore, before addressing the merits of this case, it is necessary to determine the validity of the June 4, 1993 judgment signed by Judge Calloway.
LSA-C.C.P. art. 1911 prorides:
Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled. (Emphasis added.)
In light of this article, there is an implication that the case cannot be decided by any judge other than “the” one who heard the case and took it under advisement, except where the law has provided otherwise. Ledoux v. Southern Farm Bureau Casualty Insurance Company, 337 So.2d 906, 908 (La.App. 3rd Cir.1976). As previously observed, the ^present case was heard by Judge Calloway and taken under advisement by him. Subsequently, Judge Calloway signed the judgment. Since the judgment was signed by the judge who heard the case, we must consider whether the law has provided otherwise with respect to Judge Calloway’s signing of the judgment in this matter. Pertinent to this determination is LSA-R.S. 13:4209 which provided (as of the time of the trial of this dispute)[2]:
In all cases where cases are heard and taken under advisement of the district judge or judges of the city courts, if the judge before whom a case is tried should die, resign, or be removed from office, or should his term expire before rendering his judgment in the case, his successor in office shall decide the case from the evidence in the record, if all of the testimony is in writing, but if it should be a case in which the testimony has not been reduced to writing, the succeeding judge shall decide the case from a statement of the facts, if one be found in the record, or if the parties to the suit agree upon a statement of facts, and if the testimony be not in the record, and there be no statement of facts, the case shall be tried de novo.
This statute provided that the trial court retained jurisdiction over the subject matter when the judge who tried the case resigned, and it further established the method by which the successor judge exercised that jurisdiction. Everett v. Smith, 291 So.2d 841, 843 (La.App. 4th Cir.), writ denied, 294 So.2d 827 (La.1974). Under LSA-R.S. 13:4209, it is the successor judge who is authorized to render judgment when the judge who tried *38 the merits of the case has resigned from office prior to rendering and signing a judgment in the case.
After considering LSA-C.C.P. art. 1911, LSA-R.S. 13:4209, and the record before us, we conclude that at the time of the rendition of the written reasons for judgment and signing of the judgment, Judge Calloway lacked authority to render a decision and sign a judgment in this case which he had heard as a city court judge. See Zion v. Stockfieth, 501 So.2d 305, 306 (La.App. 5th Cir.1987). Without intervention by the supreme court, only the successor judge could render a valid judgment' after complying with the procedures provided in LSA-R.S. 13:4209. Because Judge Calloway was without authority to render and sign the judgment which forms the basis of this appeal, the judgment appealed from is null and void, and this court does not have jurisdiction. In light |sof this conclusion, we are at this time unable to consider A & P’s arguments on the merits. The case is remanded to the city court for a new and proper judgment.[3]

Decree

For the foregoing reasons, the judgment of the city court is annulled and vacated. This matter is remanded to the city court for the rendition and signing of a judgment consistent with the views expressed in this opinion. The right to appeal from such a judgment is reserved to all parties. The clerk of the Louisiana Court of Appeal, First Circuit is hereby instructed to return the transcript and all submitted evidence to the City Court of Baton Rouge. Each party is to bear their own costs of the appeal.
VACATED AND REMANDED.

. The statute was amended by 1993 La.Acts, No. 1009, § 1. The substance of the former statute is now found in LSA-R.S. 13:4209(A).

. As the testimony in this case has been reduced to writing, a new trial is not required. LSA-R.S. 13:4209. The successor judge, on remand, could render a new judgment "from the evidence in the record” or the supreme court could be asked to issue an order appointing Judge Calloway to Division “E" of the City Court of Baton Rouge for the sole and designated purpose of disposing of the instant case. See Zion v. Stockfieth, 501 So.2d at 306.