WELCH, J.
| ¡.The defendant, Kevin Strahan, was charged with offenses in two separately filed bills of information in the Twenty-Second Judicial District Court. In the first bill of information filed under docket number 367,206, the defendant was charged with one count of possession with intent to distribute marijuana, a violation of La. R.S. 40:966 A(l); and one count of possession of a firearm, a violation of La. R.S. 14:95 E.[1] The charge of possession of a firearm was subsequently dismissed. The second bill of information filed under docket number 367207 charged the defendant with possession of methylenedioxy-methamphetamine (MDMA), a violation of La. R.S. 40:966 C.[2] This charge was subsequently dismissed. The defendant initially entered a plea of not guilty; however, following the denial of his motion to suppress, the defendant entered a guilty *210 plea under State v. Crosby, 338 So.2d 584 (La.1976).
The trial court sentenced the defendant to a term of seven years at hard labor, suspended five years of the sentence, and placed the defendant on probation for five years, with special conditions, including a fine of $1,000.00. The defendant appeals the trial court’s denial of his motion to suppress. After consideration of the defendant’s assigned errors, we affirm his conviction and sentence.
FACTS
On May 13, 2003, Detective Stephen In-gargiola of the St. Tammany Parish Sheriffs Office obtained a search warrant for the defendant’s residence. The warrant was signed by Judge John D. Kopfler, acting as judge pro tempore for James Strain, Jr., who was acting as judge pro tempore for elected Judge Gary | ¡¡Dragon of the Slidell City Court. After searching the defendant’s residence, the defendant was arrested and billed under docket number 367,206 for possession of marijuana with intent to distribute and possession of a firearm. The defendant was also charged in a separate bill of information under docket number 367,207 with possession of MDMA. The charges of possession of a firearm and possession of MDMA were subsequently dismissed and are not at issue in the present appeal.
The defendant filed a motion to suppress, which was denied by the trial court without an evidentiary hearing. The defendant appeals the denial of his motion to suppress, and alternatively argues he was entitled to an evidentiary hearing on the motion to suppress.
MOTION TO SUPPRESS[3]
The defendant argues that the search warrant in the present case was signed by a judge whose appointment was “unlawful.” The defendant argues there is no authority allowing an ad hoc judge to appoint another ad hoc judge.
According to the Order of Judicial Appointment, James R. Strain (the appointing judge and judge pro tempore) had a prior commitment set for May 13, 2003. Judge Strain filed with the Louisiana Supreme Court the order appointing a judge to take his place for May 13, 2003. On May 2, 2003, Chief Justice Calogero approved an order appointing retired Judge Kopfler pursuant to Louisiana Supreme | ¿Court Rules, Part G, § 5. The search warrant at issue was signed by Judge Kop-fler on May 13, 2003.
Louisiana Supreme Court Rules, Part G, § 5(a) provides that the appointment of *211 judges pro tempore to city court shall be made only for the emergency or necessary temporary absence of the elected judge or for vacation as provided by law or by such local rules governing vacations as are approved by the supreme court. Louisiana Supreme Court Rules, Part G, § 5(b) provides that whenever it is necessary for a judge of a city or parish court to be absent temporarily from his duties, the judge shall make a diligent effort to secure the services of a retired or sitting judge as a temporary replacement. If no retired or sitting judge is available to serve, the judge may appoint an attorney from a list of qualified attorneys.
We note that Louisiana Supreme Court Rules, Part G, § 5 does not specifically provide that an ad hoc judge can or cannot request the appointment of another ad hoc judge. Yet, Article Y, § 5 A of the Louisiana Constitution gives the supreme court general supervisory jurisdiction over all other courts and provides without qualification that the supreme court “may assign a sitting or retired judge' to any court.” The supreme court’s power to assign judges to assist courts within the judicial branch in furtherance of the administration of justice is explicit and unfettered. State v. Bell, 392 So.2d 442, 442 (La.1981). Moreover, the supreme court’s power of appointment is not limited to cases in which a vacancy exists. Bell, 392 So.2d at 443 n. 1. The supreme court has constitutional authority to assign a sitting or retired judge to any court. La. Const, art. V, § 5 A; see also Brown v. Risk Exchange, Inc., 95-2199, p. 3 (La.App. 1st Cir.5/10/96), 674 So.2d 484, 486, writ denied, 96-1501 (La.9/20/96), 679 So.2d 442. Moreover, Louisiana Rules of Court have the effect of law both upon the judge and the Ifilitigants. State ex rel. Johnson v. McGougan, 433 So.2d 827, 831 (La.App. 1st Cir.1983).
Accordingly, it logically follows that the supreme court could approve the appointment of Judge Kopfler to the Slidell City Court for the date of May 13, 2003, in the absence of Judge Strain. The order making such appointment complied with the applicable supreme court rules. Once properly appointed, an ad hoc judge is vested with all powers and authority of his position. Thus, Judge Kopfler had full authority to sign the search warrant for the date of his appointment, May 13, 2003.
This assignment of error is without merit.
In addressing the defendant’s alternative claim that he was entitled to an evi-dentiary hearing under La.C.Cr.P. art. 703 E(l) for his motion to suppress, we note the defendant presented a purely legal determination of whether Judge Kopfler had authority to sign the search warrant. The resolution of this issue was not determined by any fact at issue, which would have required an evidentiary hearing. State v. Porter, 615 So.2d 1073, 1074 (La.App. 4th Cir.), writ denied, 616 So.2d 673 (La.1993). Therefore, there was no error by the trial court in denying the defendant’s motion to suppress without an evi-dentiary hearing.
This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.

. The defendant was charged as a codefen-dant with Ashley Renee Dennis and Daniel Edward Jarrell. Dennis’s appeal is addressed in a separate opinion issued this same date, State v. Dennis, 2004-1969 (La.App. 1st Cir.5/6/05), 903 So.2d 22.

. This bill of information was filed naming the same codefendants as the previous bill of information.

. The defendant has appealed, urging the trial court erred when it denied the motion to suppress evidence, or alternatively, the trial court erred in failing to conduct an evidentia-ry hearing on the motion to suppress. We note the defendant raised the same issues presented in this appeal in his previous writ application (State v. Strahan, 2003-2374 (La. App. 1st Cir.10/30/03) (unpublished)) filed before his guilty plea. At that time, we fully considered the issues and found the trial court did not err when it denied the defendant’s motion to suppress without a hearing. Although a pretrial determination of the admissibility of evidence does not absolutely preclude a different decision on appeal, judicial efficiency demands that this court accord great deference to its pretrial decisions unless it is apparent, in light of a subsequent trial record, that the determination was patently erroneous and produced an unjust result. State v. Marr, 626 So.2d 40, 42 (La.App. 1st Cir.1993), writ denied, 93-2806 (La.1/7/94), 631 So.2d 455.
In the present case, the matter did not proceed to trial. No new evidence relevant to this issue has been introduced, nor does the defendant raise any new grounds for us to consider. Accordingly, we do not find that our previous ruling was patently erroneous or produced an unjust result.