PER CURIAM.
 

 | defendant, charged with driving while intoxicated first offense, filed a motion to suppress “all oral and/or recorded and/or written inculpatory statements made by Defendant” as well as “[a]ny and all physical items seized from Defendant” and “results of any test of Defendant for intoxication.” The State filed an objection to the motion to suppress and filed a motion for specificity asserting the defendant should be denied a hearing on his motion to suppress. Alternatively, the State argued defendant should be ordered to amend his motion and specify what he seeks to suppress and the reasons suppression of evidence is warranted. The trial court ruled in favor of the State granting the objection and ordering defendant to amend his motion to conform with LSA-C.Cr.P. article 703(E)(1).
 
 [1]
 

 Defendant sought review of that ruling. The court of appeal granted the writ application and reversed the trial court decision. The court of appeal, relying on
 
 State v. Rogers,
 
 476 So.2d 942 (La.App. 2 Cir.1985), found “the Motion to Suppress |2was adequately set out.” In
 
 Rogers,
 
 the court concluded that defendant’s objection to the use of the inculpato-ry statement alleged all facts necessary to entitle him to an evidentiary hearing at which the state bears the burden to establish beyond a reasonable doubt that the inculpatory statement was free and voluntary. Likewise, the court found that an allegation that physical evidence was seized without a warrant was legally sufficient to entitle defendant to a hearing under LSA-C.Cr.P. art. 703(E). The ap
 
 *198
 
 pellate court found
 
 State v. Richey,
 
 258 La. 1094, 249 So.2d 143 (1971), distinguishable in that the motions to suppress in
 
 Richey
 
 were extremely broad and vague. The defendant in
 
 Richey
 
 sought to suppress “any evidence, testimonial or physical, including any statements, etc. in the hands of the law enforcement or the District Attorney ... obtained in violation of [defendant’s] constitutional and statutory rights.”
 
 Richey,
 
 258 La. at 1110, 249 So.2d at 149.
 

 The State filed for supervisory review with this court arguing that
 
 State
 
 v.
 
 Richey
 
 is controlling and that defendant’s motion to suppress does not comply with the requirements of LSA-C.Cr.P. art. 703(E).
 

 A trial court is afforded great discretion when ruling on a motion to suppress, and its ruling will not be disturbed absent abuse of that discretion.
 
 State v. Lee,
 
 05-2098, p. 15 (La.1/16/08), 976 So.2d 109, 122,
 
 cert. denied,
 
 — U.S. -, 129 S.Ct. 143, 172 L.Ed.2d 39;
 
 State v. Vessell,
 
 450 So.2d 938, 943 (La.1984). The trial court found defendant’s “Motion to Suppress makes general allegations referring to certain constitutional amendments that were allegedly violated, but fails to give any specific facts or details.” We note defendant’s motion to suppress was extremely broad and general, lacking any specificity as to the facts of this particular case. We find the trial court did not abuse its discretion in determining defendant pled insufficient facts to warrant a hearing on his motion to suppress. The State’s writ application is granted; |sthe ruling of the trial court ordering defendant to amend his motion to suppress to conform with Article 703(E)(1) is reinstated.
 

 WRIT GRANTED. TRIAL COURT ORDER REINSTATED.
 

 [1]
 

 . LSA-C.Cr.P. art. 703(E)(1) provides:
 

 An evidentiary hearing on a motion to suppress shall be held only when the defendant alleges facts that would require the granting of relief. The state may file an answer to the motion. The defendant may testify in support of a motion to suppress without being subject to examination on other matters. The defendant’s testimony cannot be used by the state except for the purpose of attacking the credibility of the defendant’s testimony at the trial on the merits.