Judge Dale N. Atkins
The State seeks review of the trial court's October 18, 2018 ruling that found no probable cause and granted Defendant, Danny Nelson's ("Defendant") motion to suppress evidence and statement. We grant the writ and reverse the trial court's ruling.
On February 5, 2018, Defendant was charged by bill of information with possession of a firearm by a convicted felon; possession of marijuana, second conviction; and possession of drug paraphernalia, violations of La. R.S. 14:95.1, La. R.S. 40:966(E)(2), and La. R.S. 40:1023, respectively. Defendant appeared for arraignment on February 23, 2018 and entered a plea of not guilty.
Defense counsel filed a number of written pre-trial motions, including a motion to suppress statement, motion to suppress evidence, and a motion for preliminary examination. After a hearing conducted on October 18, 2018, the trial court granted the motion to suppress statement, the motion to suppress evidence, and found insufficient probable cause to substantiate the charges against Defendant. The State objected and noticed its intent in open court to seek a supervisory writ of the trial court's ruling and filed a written Notice of Intent to File Writ. The State's writ was timely filed.
At the October 4, 2018 hearing, the State presented the testimony of Louisiana Division of Probation and Parole Officer, Francisco Dean ("Off. Dean"). Off. Dean reported that he was supervising the probation of Defendant's brother, Quendrick Bailey ("Bailey"). Bailey had been at the scene of a crime after curfew hours and had reported to Off. Dean's office to admit to violating his probation. Bailey also admitted to possessing and smoking marijuana. Based upon the information provided by Bailey, Off. Dean detained Bailey and made the decision to conduct a residence check of Bailey's home pursuant to La. C.Cr.P. art. 895 (A)(13)(a)[1] and relative to *773 the conditions of Bailey's probation.[2] Off. Dean and other officers, all of whom were in uniform, arrived at Bailey's residence with Bailey, and knocked on the door. Defendant answered the door and allowed the officers inside but did not specifically give consent to search the residence. As he entered, Off. Dean smelled a strong odor of burned marijuana in the residence. Defendant was therefore detained. While conducting a protective sweep of the residence for officer safety, marijuana was observed in plain view in Defendant's bedroom on his bed. Defendant told the agents the bedroom was his, admitting he lived in the residence with Bailey. Having learned that Defendant was also on probation, Off. Dean acquired the name of Defendant's probation officer, Kenny Temple, and requested that he come to Defendant's residence. Once Defendant's probation officer was present, a search of Defendant's room was conducted. A gun box with ammunition was found and a marijuana grinder and marijuana were in plain view, all located in Defendant's bedroom. Upon finding a .38 caliber loaded revolver in the bathroom, Off. Dean advised Defendant of his rights and signed a written waiver of rights form. Defendant stated the gun belonged to him and also signed a written statement indicating the gun did not belong to Bailey. Defendant was transported to the Seventh District Station where he was questioned by ATF agents and admitted to finding the firearm near his residence and again stated that the gun belonged to him.
On October 18, 2018, the trial court ruled as follows:
After reviewing the factors, this Court finds that Agent Dean exceeded his authority and acted unreasonably in conducting the search of the defendant's residence. Here the scope and justification of Agent Dean's intrusion was unreasonable. Agent Dean had reasonable suspicion to believe that his probationer, Mr. Bailey, had been engaged in criminal activity, when Mr. Bailey was seen out past his curfew.
Under certain circumstances, and an informer's tip, can provide reasonable suspicion. Generally, there must be some corroboration of that tip. However, Agent Dean confirmed the suspicion when Mr. Bailey, himself, admitted, while at the Probation and Parole office, that he violated his probation by breaking curfew and smoking marijuana on that day.
As a result of Mr. Bailey's confession, Agent Dean detained Mr. Bailey. And he was not free to leave the office. Considering that Mr. Bailey was detained and not free to leave, Agent Dean should have obtained a warrant for Mr. Bailey's residence.
No exigent circumstances existed that Agent Dean relocated and had to relocate to Mr. Bailey's residence without a warrant. There is no evidence that Mr. Bailey was dangerous or that contraband was located in the residence that would have been removed or destroyed that a warrant could be obtained.
*774 Thus, a warrantless search of the residence was unreasonable under the circumstances. And it was an invasion of Mr. Nelson's privacy, under the Fourth Amendment of the Louisiana Constitution. Even if the Court were to find that Agent Dean was permitted to conduct the warrantless search of the residence, based on Mr. Bailey's admitted violation-- which it does not -- Agent Dean exceeded his authority when he entered the defendant's bedroom.
The trial court is afforded great discretion when ruling on a motion to suppress and its ruling will not be disturbed absent an abuse of that discretion. State v. Wilder , 2009-2322, p. 2 (La. 12/18/09), 24 So.3d 197, 198. "[A]ppellate courts review trial court rulings under a deferential standard with regard to factual and other trial determinations, while legal findings are subject to a de novo standard of review." State v. Wells , 2008-2262, p. 4 (La. 7/6/10), 45 So.3d 577, 580.
The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution protect people against unreasonable searches and seizures. U.S. CONST. amend. IV ; LA. CONST. art. 1, § 5 ; State v. Francis , 2010-1149, p. 4 (La. App. 4 Cir. 2/16/11), 60 So.3d 703, 708. Therefore, when evidence is seized without a warrant as required by the federal and state constitutions, the burden is on the state to show that the search was justified by some exception to the warrant requirement. La. C.Cr.P. art. 703(D) ; State v. Anderson , 2006-1031, p. 2 (La. App. 4 Cir. 1/17/07), 949 So.2d 544, 546. "The touchstone of the Fourth Amendment is reasonableness, and the reasonableness of a search is determined 'by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.' " United States v. Knights , 534 U.S. 112, 118-19, 122 S.Ct. 587, 591, 151 L.Ed.2d 497 (2001) (citing Wyoming v. Houghton , 52 U.S. 295, 300, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999) ). "In assessing the governmental interest, it must be remembered that the very assumption of probation is that the probationer is more likely than others to violate the law." Id. at p. 113, 122 S.Ct. at 588 (citing Griffin v. Wisconsin , 483 U.S. 868, 880, 107 S.Ct. 3164, 3172, 97 L.Ed.2d 709 (1987) ). "The State's interest in apprehending criminal law violators, thereby protecting potential victims, may justifiably focus on probationers in a way that it does not on the ordinary citizen." Id. "Inherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled." Id. (citations omitted). See also Griffin v. Wisconsin , 483 U.S. at 874, 107 S.Ct. at 3169 (holding that probationers do not enjoy "the absolute liberty to which every citizen is entitled, but only ... conditional liberty properly dependent on observance of special [probation] restrictions."). "Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." Knights , 534 U.S. at 119, 122 S.Ct. at 591.
Acknowledging the great governmental interest involved, the U.S. Supreme Court has recognized that a warrant requirement imposed during supervision of a probationer "would interfere to an appreciable degree with the probation system, setting up a magistrate rather than the probation officer as the judge of how close a supervision the probationer requires." Griffin, 483 U.S. at 876, 107 S. Ct. at 3170. A warrant requirement would prevent probation officials from responding quickly to evidence of misconduct and "reduce the deterrent effect that the possibility of expeditious searches would otherwise create." Id. The *775 Griffin Court thus found a warrantless search of a probationer's residence to be a justifiable departure from the usual warrant and probable cause requirements of the Fourth Amendment when conducted pursuant to the rules and regulations of the relevant state agency which oversees probationers. Id. at 880, 107 S. Ct. at 3172.
A probationer is not, however, subject to the unrestrained power of the authorities, nor may a search of a probationer be a subterfuge for a police investigation. State v. Thomas , 96-2006, p. 2 (La. App. 4 Cir. 11/06/96), 683 So.2d 885, 886. A warrantless search of a probationer's property may be permissible when:
[I]t is conducted when the officer believes such a search is necessary in the performance of his duties, and must be reasonable in light of the total atmosphere in which it takes place. In determining the reasonableness of a warrantless search, [an appellate court] must consider (1) the scope of the particular intrusion, (2) the manner in which it was conducted, (3) the justification for initiating it, and (4) the place in which it was conducted.
Id. at pp. 2-3, 683 So. 2d at 886 (citing State v. Malone , 403 So.2d 1234, 1238 (La.1981) ). Although the State still bears the burden of proof because the search was conducted without a warrant, when the search is conducted for probation violations, the State's burden will be met when it establishes that there was reasonable suspicion that criminal activity was occurring. Id. (emphasis added). See also, State v. Marino , 2000-1131, p. 5 (La. App. 4 Cir. 6/27/01), 804 So.2d 47, 52 (holding that a State's burden of proof when conducting a search without a warrant for probation violations is satisfied when the State establishes that there was a reasonable suspicion that criminal activity was occurring). This reasonable suspicion standard for a warrantless search of a probationer is consistent with La. C.Cr.P. art. 895(A)(13)(a), which provides, as a condition of probation, that a defendant agree to searches by the probation officer assigned to him, without a search warrant, when the officer has reason to believe that the person is involved in criminal activity. Additionally, La. C.Cr.P. art. 895(A)(4) provides, as a condition of probation, that the defendant "[p]ermit the probation officer to visit him at his home or elsewhere."
In the instant case, the officers were within the scope of their duty to visit Bailey's residence. Off. Dean had reliable information provided by Bailey that Bailey was smoking marijuana and had been at the scene of a crime after curfew hours. Given this information, Off. Dean was reasonable in believing Bailey's living quarters would likely contain contraband and in conducting a search of his residence to see whether narcotics were present. Off. Dean thus had the legal authority to enter the residence to conduct a parole search pursuant to Art. 895(A)(13)(a). Once Off. Dean smelled marijuana after Defendant opened the door, he was justified in conducting a protective sweep of the residence to ensure officer safety. Moreover, the search of the residence was lawfully conducted by Defendant's probation officer, who had been called to the scene. Because both Defendant and Bailey were on probation, they each had a diminished right to privacy in their residence and no additional warrant was required. La. C.Cr.P. art. 895(A)(13)(a).
For the foregoing reasons, we grant the State's writ application and we reverse the ruling of the trial court finding no probable cause and granting Defendant's motion to suppress evidence and statement.
WRIT GRANTED; REVERSED

La. C.Cr. P. art. 895 sets forth the Conditions of Probation. Art. 895(A)(13)(a) provides:
A. When the court places a defendant on probation, it shall require the defendant to refrain from criminal conduct and to pay a supervision fee to defray the costs of probation supervision, and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following. That the defendant shall:
(13)(a) Agree to searches of his person, his property, his place of residence, his vehicle, or his personal effects, or any or all of them, at any time, by the probation or parole officer assigned to him or by any probation or parole officer who is subsequently assigned or directed by the Department of Public Safety and Corrections to supervise the person, whether the assignment or directive is temporary or permanent, with or without a warrant of arrest or with or without a search warrant, when the probation officer or the parole officer has reasonable suspicion to believe that the person who is on probation is engaged in or has been engaged in criminal activity.

Bailey had agreed in writing that he understood and would obey the conditions of probation, including agreeing to a search of his person, property, place of residence, vehicle and personal effects, with or without a warrant.