| | | |
|---|---|---|
| STATE OF LOUISIANA | * | NO. 2023-K-0817 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| LEONARD PATTY | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 549-503, SECTION "J"
Honorable Darryl A. Derbigny, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*
(Court composed of Judge Sandra Cabrina Jenkins, Judge Paula A. Brown, Judge
Karen K. Herman)

**HERMAN, J., DISSENTS WITH REASONS**

Jason Rogers Williams
Andre Jeanfreau
District Attorney's Office
Parish of Orleans
619 South White Street
New Orleans, LA  70119

      COUNSEL FOR PROSECUTION/RELATOR

Alexis Chernow
Orleans Public Defenders
2700 Tulane Avenue
New Orleans, LA  70119

      COUNSEL FOR DEFENDANT/RESPONDENT

          **WRIT GRANTED; RELIEF DENIED**
            **JANUARY 17, 2024**

Relator, State of Louisiana (the "State"), seeks supervisory review of the district court's November 30, 2023 judgment, which granted Defendant/Respondent Leonard Patty's (the "Defendant") motion to suppress statement. The district court found that the Defendant unambiguously expressed his desire to communicate with police through a lawyer, but that the interrogating officer took his statement nonetheless, with no counsel present. For the reasons that follow, we grant the writ application, but deny the relief requested by the State.

## BACKGROUND

On August 4, 2020, the State filed a bill of information charging Defendant with second degree murder, a violation of La. R.S. 14:30.1; possession of a firearm or weapon by a felon, a violation of La. R.S. 14:95.1; and obstruction of justice, a violation of La. R.S. 14:130.1. The incident giving rise to the arrest and charges faced by the Defendant occurred on June 30, 2019. The Defendant appeared for arraignment on September 1, 2020, and entered pleas of not guilty for all charges. Following, on September 3, 2020, the Defendant filed a motion for suppression of statements, evidence, and identification. On September 14, 2022, Defendant filed a

1

second motion to suppress statements, evidence, and identifications. The district court conducted a probable cause hearing and a hearing on Defendant's motion to suppress his statement on September 21, 2023. After the hearing and argument by counsel, the district court took the matter under advisement. On November 30, 2023, the district court granted Defendant's motion to suppress the statement. The State requested that the district court file written reasons for its ruling. In response, the district court issued a *per curiam* on December 7, 2023. On December 19, 2023, the State filed a written notice of its intention to file a writ. This timely writ application followed.

## DISCUSSION

New Orleans Police Department Detective Sarah Cherny ("Det. Cherny") went to the Orleans Parish central lockup on March 8, 2020, and met with the Defendant in an effort to obtain a statement from him. Det. Cherny testified at the September 21, 2023 hearing that when she first encountered the Defendant, she was in possession of a Body Worn Camera ("BWC") that was being held with her files against her body, causing the video to be blacked out and the audio to be somewhat hard to discern. Det. Cherny introduced herself to the Defendant and informed him that she wanted to speak to him about the June 30, 2019 incident. Both Det. Cherny and the State concede that at that time the Defendant uttered words to the effect that he did not know how things worked, if he did not have a lawyer present that she might twist his words and he did not know how it would go. Det. Cherny replied that he did not have to speak with her. As Det. Cherny began to inform the Defendant that if he changed his mind he could contact her, the Defendant began to speak about medications and COVID. More words were exchanged, but the audio quality of the recording is mostly garbled at this point in

2

their dialogue. After multiple replays of the recording, it appears to this Court that the Defendant requested the presence of a lawyer a second time. Immediately following, the Defendant can be heard saying he would answer some questions, at which point Det. Cherney placed the BWC on the table and then advised the Defendant of his *Miranda* rights by use of a paper form she presented to him. The video and audio on the electronic recording are clear from this point on until the Defendant ended the interview by again requesting the presence of his lawyer.

Our Supreme Court has consistently held that "[o]nce an accused has expressed his desire to deal with the police only through counsel, he is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges or conversations with the police." *State v. Payne*, 01-3196, pp. 8-9 (La. 12/4/02), 833 So. 2d 927, 935 (citing *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)). This Court's review of the electronic recording of Defendant's exchange with the interrogating officer finds it to be largely unintelligible prior to the issuance of a *Miranda* warning form. In fact, after reviewing the electronic recording twice at the probable cause hearing, Det. Cherney was unable to confirm that the Defendant had asked to speak to his lawyer, but acknowledged that she responded that he did not have to speak with her. She further testified that "[she] would have to listen to that [recording] a billion times to hear that. [She was] sorry. It's not clear to [her]. And maybe that's what it says, but it's such a hard thing to hear." Consequently, this Court is loath to engage in mere conjecture as to whether the Defendant or the interrogating officer initiated further communication. It is well settled that "[t]he [district] court is afforded great discretion when ruling on a motion to suppress and its ruling will

not be disturbed absent an abuse of that discretion. *State v. Nelson*, 18-0975, p. 5 (La. App. 4 Cir. 11/29/18), 260 So.3d 770, 774 (citing *State v. Wilder*, 2009-2322, p. 2 (La. 12/18/09), 24 So.3d 197, 198). "[A]ppellate courts review [district] court rulings under a deferential standard with regard to factual and other trial determinations . . . ." *Id.* (quoting *State v. Wells*, 2008-2262, p. 4 (La. 7/6/10), 45 So.3d 577, 580).

## CONCLUSION

Accordingly, we cannot find that the district court abused its vast discretion when it granted Defendant's motion to suppress statement. Therefore, the writ application is granted, but the relief is denied.

**WRIT GRANTED; RELIEF DENIED**